FRANZ v. BUDER et al. MISSISSIPPI VAL-
LEY TRUST CO. v. SAME. NELSON
v. SAME.

Nos. 8655–8657.

Circuit Court of Appeals, Eighth Circuit.
Feb. 7, 1930.

S. Mayner Wallace, of St. Louis, Mo. (Allen McReynolds, of Carthage, Mo., on the brief), for appellant Ehrhardt W. Franz.

Samuel H. Liberman, of St. Louis, Mo. (T. M. Pierce and A. Holt Roudebush, both of St. Louis, Mo., on the brief), for appellant Mississippi Valley Trust Company.

Xenophon P. Wilfley, of St. Louis, Mo. (Fred Williams, of St. Louis, Mo., on the brief), for appellant Earl F. Nelson.

G. A. Buder, Jr., of St. Louis, Mo. (Oscar E. Buder and E. E. Schowengerdt, both of St. Louis, Mo., on the brief), for appellees.

Before STONE and GARDNER, Circuit Judges, and MILLER, District Judge.

GARDNER, Circuit Judge.

The above-noted appeals are presented on a single record, but on separate briefs. Each of the appeals is from an order making an allowance of $5,000 to appellant Earl F. Nelson for his services as guardian ad litem and as counsel for certain minor defendants. The order provides that the allowance made for services of Mr. Nelson as guardian ad litem and as counsel be paid by the trustees for Sophie Franz, "out of the funds held in trust by them, said payment to be charged against the trust estate in their hands and

for which they shall have credit in their settlements."

A history of the litigation from which this controversy arises would unduly extend this opinion. It is reflected in Franz et al. v. Buder (C. C. A.) 11 F.(2d) 854; Franz v. Franz et al. (C. C. A.) 15 F.(2d) 797; Buder et al. v. Franz et al. (C. C. A.) 27 F. (2d) 101; Franz v. Buder et al. (C. C. A.) 34 F.(2d) 353.

The appellant Mississippi Valley Trust Company is administrator of the estates of Walter G. Franz and Ernest H. Franz, deceased brothers of appellant Ehrhardt W. Franz, and these appellants have an interest in the trust estate of Sophie Franz, in the nature of a remainder interest, which is being administered under the supervision of the lower court. The appellant Earl F. Nelson is guardian ad litem for certain minor heirs whose interests are of a like character to that of the other appellants. The litigation out of which the present issue arose involves the trust estate of Sophie Franz.

On motion for allowance of fees as guardian ad litem, the lower court, after hearing, awarded the appellant Earl F. Nelson $5,000 "as such guardian and counsel" together with additional items of disbursements in the nature of necessary expenses. Mr. Nelson is a lawyer of high standing of the St. Louis bar, and rendered services as counsel for his wards in the various phases of the protracted Franz-Buder litigation, revealed to some extent at least in the above-noted cases. The appellants, other than the appellant Nelson, contend that this allowance on account of services as guardian and counsel should have been taxed against the trustees personally, and they bottom that contention upon the decision of this court in Buder v. Franz, 27 F.(2d) 101, 115. In the course of the opinion in that case, it is among other things said, as to costs: "It is clear, from this record, that this entire controversy has been caused by the trustees. They have consistently and persistently refused to accord the cross-appellants the rights which were due them. They have gone further than this and have and do deny the existence of any and all rights and interest in the cross-appellants. Such course of conduct has compelled this litigation to establish those interests and to enforce and protect the resulting rights. The costs of this action up to the filing of the amended bill of complaint following the former appeal might properly be assessed against complainant and the then interveners because such costs were almost

entirely incurred in connection with a mistaken theory of jurisdiction. However, if there has already been any assessment of such costs, we leave such undisturbed. As to all costs accruing with and after the filing of such amended bill, we think they should be assessed against the trustees individually and the decree in that respect modified."

It is the contention of the appellees, on the other hand, that an allowance of compensation for the services of Mr. Nelson as guardian ad litem and as counsel is not taxable as costs, and hence, even conceding that the above-quoted decision is the law of the case, which they do not do, the item is not properly taxable against the trustees individually.

The lower court was of the view that the fees of such guardian ad litem as allowed could not be allowed as costs, but was of the view that as a necessary expenditure, without which the case could not have proceeded, a court of equity had the discretion to charge the expense against the trust estate. Being of this view, the lower court took no notice of the decision of this court in Buder v. Franz from which we have quoted above.

Federal Equity Rule 70 (28 USCA § 723) provides for the appointment of a guardian ad litem for infants and other persons who are under guardianship, subject to such orders as the court or judge may direct for the protection of infants and such other persons as are not sui juris. A guardian ad litem is, in a sense, an officer of the court made necessary by the litigation, and a federal court of equity, without any reference to specific statutory authority, has jurisdiction and authority to award costs. That, as such officer of the court, allowances made him are properly taxable as costs, is sustained by the authorities. Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919; Newton v. Consol. Gas Co., 265 U. S. 78, 44 S. Ct. 481, 68 L. Ed. 909; Guardian Trust Co. v. K. C. S. Ry. Co. (C. C. A.) 28 F.(2d) 233. Being of the view that the compensation for a guardian ad litem is properly taxable as costs, it follows that such fees should have been assessed against the trustees individually, pursuant to the decision of this court in Buder v. Franz, 27 F.(2d) 101, supra, the rule there announced being the law of the case.

It appears in this case, however, that the guardian ad litem is a lawyer, and that he performed for his clients valuable services in the capacity of counsel. There was

no formal employment of counsel by the guardian ad litem with the approval of the court, but he, being a lawyer, rendered legal services to his wards, which, as guardian ad litem, he was not required to render. In so doing, the circumstances convince that he acted with entire propriety and secured satisfactory results for his wards. There is, however, an essential difference between the two services. The services of a guardian ad litem may be and often are rendered by a layman, in which event it usually becomes necessary that the guardian employ counsel. It is the duty of the guardian ad litem, as such, to determine policies concerning the litigation. If legal services be necessary, and the guardian is not an attorney, of necessity he must employ counsel. In the matter of procurement of counsel for the performance of legal services for the wards represented by the guardian ad litem they are in no different or other situation than any other litigant who is not incompetent. Counsel fees for representing the rights of an incompetent in litigation are no more costs of the action than are similar expenditures of litigants who are sui juris. As to such expenditures the rule in the federal courts, and generally in the state courts, is that they are not assessable as costs, but must be borne by the party receiving such services, unless there is statutory authority for the assessment of such expenditures against other parties to the suit.

We have already held that the compensation of a guardian ad litem is taxable as costs. Such services include his services in looking after the interests of his wards in the litigation to the same extent that an individual sui juris would ordinarily look after his own affairs.

The incidental fact that the guardian ad litem in the instant case has rendered such legal services cannot change this rule so as to make the charges for such legal services assessable as costs against other parties to the suit. Were this not the rule, then attorney fees for an incompetent might be assessable as costs if the guardian ad litem happened also to be an attorney, but would not be assessable as costs if performed by one not the guardian ad litem. Where the services as guardian ad litem and as an attorney are rendered by the same person, a separate allowance should be made for each service; the amount allowed for services as guardian ad litem being taxable as costs and the amount allowed for services as counsel fees

assessable against the estate of the incompetent.

While the petition in this case asked for an allowance for services as guardian ad litem, yet it set forth services as counsel under the apparent theory that they were rendered as guardian ad litem. The lower court in its order, however, expressly sets forth that the allowance is for both character of services. The distinction may not often be one of importance, but in the present case the distinction is one of importance because the question of the taxation of costs is presented.

The appeal by the guardian ad litem presents only the question as to the reasonableness or adequacy of the amount fixed by the lower court for the services rendered. In the various phases of this litigation there have been a number of parties whose interests have been identical with those of Mr. Nelson's wards, and these other parties have been represented by able counsel with whom Mr. Nelson has co-operated. The lower court recognizes that the services of Mr. Nelson have been long and efficient. No testimony as to the value of these services was introduced except that offered by Mr. Nelson, who estimated their value at $25,000. These services were performed, for the most part, in the court before whom the application was pending, and who knew the counsel, his professional standing, the extent of the services performed, and presumably the rate of compensation for legal services in that community. The determination of the court was not based of necessity upon the evidence introduced in connection with the application, but upon his own knowledge of the extent, nature, and value of the services performed. The amount of the allowance, generally speaking, should be left largely to the judicial discretion of the trial court. This court cannot consistently substitute its judgment for that of the trial court, in the absence of a very clear abuse of judicial discretion. The memorandum of the lower court recites its entire familiarity with all the services rendered, and their value. The litigation was important, it involved extensive interests and large values, and resulted in undoubted advantage to Mr. Nelson's clients. The allowance is possibly modest, but we cannot say that in making the allowance the trial court, thoroughly familiar with all the history of the litigation, abused its discretion.

It follows that this cause should be remanded to the lower court with directions

to ascertain what part of the allowance as made should be regarded as compensation for services as guardian ad litem, and what part for services as counsel, and when so ascertained, the amount allowed for services as guardian ad litem should be taxed as costs against the appellees individually, and the balance should be made a charge against and payable out of the interest of the minors in the trust estate, and it is so ordered.