### MISSISSIPPI VALLEY TRUST CO. v. BUDER et al.*

No. 8944.

Circuit Court of Appeals, Eighth Circuit.

Feb. 5, 1931.

Rehearing Denied March 10, 1931.

T. M. Pierce and Samuel H. Liberman, both of St. Louis, Mo., and John B. Hollister, of Cincinnati, Ohio (A. Holt Roudebush, of St. Louis, Mo., and Taft, Stettinius & Hol-

---

*Writ of Certiorari to United States Supreme Court pending.

lister, of Cincinnati, Ohio, on the brief), for appellant.

G. A. Buder, Jr., of St. Louis, Mo., and James A. Reed, of Kansas City, Mo. (Oscar E. Buder, of St. Louis, Mo., on the brief), for appellees.

Earl F. Nelson, of St. Louis, Mo., amicus curiæ, for Earl F. Nelson.

Before KENYON and GARDNER, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge.

This is an appeal from an order of the District Court refusing to remove from office two trustees who have managed a large amount of property for many years under an appointment of them as such trustees made by Sophie Franz. Motions for the removal were filed in a suit pending in the United States District Court for the Eastern District of Missouri. The nature of this suit and many of the essential facts are sufficiently disclosed in opinions which have heretofore been filed in this court in appeals from orders in the suit. See Franz v. Buder (C. C. A.) 11 F.(2d) 854; Franz v. Franz (C. C. A.) 15 F.(2d) 797; Buder y. Franz (C. C. A.) 27 F.(2d) 101; Franz v. Buder (C. C. A.) 34 F.(2d) 353; Franz v. Buder (C. C. A.) 38 F.(2d) 605.

The appellant is the Mississippi Valley Trust Company as administrator, c. t. a. in Missouri, of the estates of Walter G. Franz and of Ernst H. Franz. The appellant's motions were filed on September 18, 1928, and asked the removal of the two trustees (1) for failure to give bond ordered by the Circuit Court of Appeals; (2) for failure and refusal to furnish the statement and account required by a prior decree; and (3) because "said trustees have been and are guilty of the divers breaches of trust disclosed by the record and proceedings in this cause." The effect of the failure to give a bond has heretofore been determined. Franz v. Buder (C. C. A.) 34 F.(2d) 353. After the mandate of this court in pursuance of the decision in that case, the trustees filed in the lower court a statement and account prepared by public accountants who endeavored to make the account in accordance with the directions in the opinion in that case. The appellant's motions were then submitted to the court upon the second and third grounds of the motion, and at that time evidence was offered on behalf of both the appellant and the trustees. The court overruled the appellant's motions.

The appeal in this case was taken on March 29, 1930. Mrs. Sophie Franz, the life tenant, died on April 14, 1930. A motion was filed in this court on June 5, 1930, made on behalf of many of the defendants in the original case, appellees here, to dismiss this appeal. The motion was submitted to this court, and it was urged in support of it that the death of the life tenant left nothing more to be done than to distribute the trust property among the remaining beneficiaries in accordance with the conveyance and declaration of trust and the decisions by this court interpreting it, and that, because of her death, only moot questions were presented by this appeal. The motion was overruled by this court. The trustees, as appellees, again urge that no actual controversy is before this court, and that the appeal should be dismissed because of the death of the life tenant. The refusal to dismiss the appeal did not undertake to reserve any further decision of the questions presented, and must be regarded as a determination that the appeal is properly before this court for a decision upon the assignments of error.

A guardian ad litem for some infant defendants participated in the hearing in the trial court upon the motion made by the appellant. The guardian did not file any motion asking for the removal of the trustees, nor was any appeal from the final order taken by him, but he has filed a brief as amicus curiæ, supporting the claims of the appellant. Consideration has been given to the arguments thus presented, but the only appeal which is before this court for decision is, as has been stated, that of the Mississippi Valley Trust Company, as administrator.

Coming to the grounds for removal of the trustees presented to the trial court, it was alleged by appellant that the trustees made a false plea in answers filed in this case because they allege in those answers that in 1905, long after the death of Ehrhardt D. Franz, a corporation was formed under the laws of Missouri entitled the E. D. Franz Estate, and the widow and each of the ten children of Ehrhardt D. Franz conveyed to this corporation all their interests in all of the real estate which was owned by Ehrhardt D. Franz at the time of his death and received in return therefor shares of stock in the corporation; that each of the children accepted this stock with the understanding that it was in full satisfaction of his or her remainder interest, if any, under the will of Ehrhardt D. Franz. Appellant says that no testimony has been offered in jus-

tification of these pleas, but, as the appellant filed the motion for the removal of the trustees, it was incumbent upon it to support its motion by proof. The appellees claim that this portion of the answer meant that the shares of stock in the Ehrhardt D. Franz corporation were received in satisfaction of the recipient's share in the real estate only. There seems to have been no evidence tending to show the purpose or meaning of these conveyances of the real estate or of the acceptance of the shares of stock. There was no evidence to show whether or not there was any written contract or whether or not there was some oral agreement as to the effect of the acceptance of these shares of stock. There is some ambiguity in this portion of the answer, but, immediately following it, it is alleged that long afterwards, in 1920, the child of Ehrhardt D. Franz whose conduct is in question, received from the trustees property of the value of $90,000 with the understanding that it should constitute an advancement on account of the remainder interest under the will of Ehrhardt D. Franz. This recognition of a remainder interest, and the payment of an advancement upon it is more consistent with the interpretation of the preceding portion of the answer as relating only to a release of claims as to the real estate only than to an interpretation that it was a release of all claims of every nature in the estate. This alleged ground of removal does not appear to be established by the proofs in the case. The appellant also alleged that the trustees should have been removed from office because, in testimony which had been given by the trustee, Buder, in prior hearings in this case, he had admitted that in 1913 and in 1920, he had drawn supplemental agreements to the original trust agreement, which had been signed by the widow and by or for some of the children of Ehrhardt D. Franz, and that in those agreements he had endeavored to use a phraseology that would express a denial or release of any further claim by the signers to any share as remaindermen. The trustee Buder frankly admitted that this was his purpose at that time, but explains that at those dates it was at least a matter of doubt whether the shares of stock which had been received as stock dividends did not belong to the life tenant as income, rather than to the remaindermen, as corpus of the estate; that there had been decisions in several cases in the state court at St. Louis, Mo., wherein it had been decided that such shares were income of such a life tenant, and that the appellate courts of Missouri had not held otherwise; that it had not then been determined that these questions would be settled by rules adopted in the courts of the United States rather than by the rules adopted in the state courts; and that the agreements expressed the trustees' own opinions, as well as the opinions of many of the remaindermen. This explanation is challenged by the appellant on many grounds: That the trustee Buder should have known of the rule adopted by the Supreme Court of the United States as to the ownership of such stock dividends; that he should not have relied upon his judgment, but should have applied for the advice of a court; that a prior decree of the state court in St. Louis, properly interpreted, had settled the question; and that an ambition by the trustees to obtain a larger commission if the property was found to belong to the life tenant, than if it was held to be the property of the remaindermen, is a more probable motive for the attempt to destroy the interests of the remaindermen, than the motives which were assigned by the trustee as the basis of his actions.

The uncertainty at the dates of these supplemental agreements as to what rule of property would be adopted by the state courts of Missouri as to property such as stock dividends in an estate of this kind is admitted by the appellant, and it is admitted that the decisions of the state courts at St. Louis had been favorable to the idea that such dividends were properly income of the life tenant. The trial court, in an opinion filed in the case, found that the trustees had acted on honestly entertained opinions of the meaning of the trust agreement, and on questions of law that were somewhat debatable, and the evidence tends to support these conclusions.

The duty of a trustee to act with impartiality toward the several cestuis que trustent must be conceded, but the law permits a reasonable and practical course of conduct and does not set an impossible or extreme standard. The trustee, Buder, might well have acted with a sterner impartiality, but, as an experienced attorney and business man, having a long and intimate knowledge of the property involved, some of his endeavors to reach conclusions as to the several legal rights, without the aid of litigation for that purpose, are not necessarily to be condemned, although he may have reached some erroneous conclusions.

The appellant also urged that the trustees should have been removed, because no adequate explanation has been made by them

why the statement and account first submitted by them, and criticized by this court in Franz v. Buder, 34 F.(2d) 353, was not more complete and accurate, and it asserts that the inadequacy of that statement and account must be held to be the result of the recalcitrancy of the trustees. There appears to be no criticism at this time of the fullness or accuracy of the later report and account filed by the trustees in December, 1929, and before the final hearing in the court below. In explanation of the former report, it was shown at the trial, that the former report was prepared by Mr. A. W. Wenger, an attorney who had been associated for many years with the law firm in which the trustee Buder was a partner. There was testimony that he had been personally familiar with the matters occurring in the handling of the trust estate, and had had general supervision of the books of the firm, in which the accounts of the trust estate were kept. He testified that in compiling the report he had considered the opinion of the trial judge, the decree entered pursuant to that opinion, and the decision of this court by Judge Stone in Buder v. Franz, 27 F.(2d) 101. He explained in detail the methods that he had used, and the source of the information which he had. It also appears that he had informed the trustee Buder that he believed that he was qualified to make such a statement and account as was required by the decree, and that Mr. Buder believed he was properly qualified. The trustees examined the report after it was prepared and before it was filed and checked over its items with their records of the proceedings in the estate and believed that it was correct. It was further explained that the last report was more complete because the trustees had the advantage of the specific directions contained in the opinion by Judge Booth in Franz v. Buder (C. C. A.) 34 F.(2d) 353.

The appellant offered no evidence to show any improper motive of the trustees in furnishing the first and inadequate report, but asserts that a comparison of that report with the final report shows that the trustee Buder may have wished to conceal some matters in the first report. Reference is made to a charge made of $81,000 for services in refinancing the Burroughs Adding Machine Company. There was evidence on behalf of the trustees that this was a charge solely against the income of the life tenant, and that no complaint of the charge was made by her. It is suggested that the first report did not disclose investments in and loans made to corporations in St. Louis in which the trustee was interested. There was evidence on behalf of the trustees that these investments were made out of moneys belonging to the life tenant and that the loans have been paid. Other investments are criticized, but the trustees assert that reasonable diligence was used in making the investments and that they have proved to be very profitable, and no testimony was offered in disproof.

In the brief of the guardian ad litem, criticism is made of the failure of the first report to embrace some of the items reported in the last account, and it is alleged that the absence of some of these items in the first report manifests an intentional and improper concealment of important facts. The guardian asserts that the trustees collected $45,000 as commissions from some remaindermen in 1920 when certain stock purchase rights in the Burroughs Adding Machine Company were distributed to the remaindermen. To this charge the trustees point to evidence that this amount was received pursuant to a written contract made by the remaindermen, none of whom are making complaint. The guardian contends that the last report discloses that the trustees have not accounted to the remaindermen for a profit made by the life tenant in the sale of some bank stocks. The trustees assert that these stocks were the personal property of the life tenant, and that it was so adjudicated by the state court at St. Louis. It is also said that the last report shows that the trustees have permitted the current cash receipts of the trust estate to be commingled with the funds of the firm in which Mr. Buder is a partner, that the accounts were kept on the books of the same firm, but no complaint is made of any loss from this procedure, nor that the accounts are not available, and it is explained that the remaindermen objected to the expense of a separate bookkeeper or separate books of account. Some other criticisms of the conduct of trustees are expressed but need not be further mentioned here.

The trial court had before it these claims of the motives of the trustees in failing to furnish a complete account as charged in the motion of appellant, and in its opinion,[1] given at the time of the final order, said with reference to them: "The second ground" (referring to the charge that the trustees failed and refused to render the statement and account required by the decree) "was heard by me when the motion was again heard and submitted. From the evidence then ad-

---

[1] Oral memorandum.

duced it is clear that such failure to render an accounting in accord with the decree of this Court and the decision of the Court of Appeals, was due to a misconstruction of the decree. The evidence is conclusive and uncontradicted, that the Trustees turned the entire matter over to accountants, and gave such accountants carte blanche to follow the decree and re-state the account in full accord with such decree. Since the Trustees were not themselves accountants, and not qualified to do this work, it is difficult to see what more they could have done. It is clear to me that there was no studied recalcitrancy in this, but rather an honest and sincere effort on the part of the Trustees to fully comply with the decree of the Courts."

It is not necessary at this time to finally determine the merits of the various items in the reports of the trustees which have been mentioned. The suit is still pending in the lower court. The right exists to those who are interested in those reports to challenge the correctness of any items. It appears that the appellant and others, before the making of these motions for removal of the trustees, had filed a request that the court should refer the trustees' statements of account to a special master for determination of the issues pertaining to the accounts, but this motion has not been presented to the trial court. The parties will also be entitled to the judgment of the court as to the proper distribution of the corpus of the remainder estates among the several claimants. The charges of omissions and mistakes in the first report are now to be considered only so far as they may bear upon the request for a removal of the trustees, and in the consideration of this question regard should also be given to the whole course of conduct by the trustees. The record shows a remarkable growth in the value of the estate, while under control of the trustees. This may be partly a result of good fortune, but it is some indication also of good business management. The conclusion is

that the charge of the appellant that the inadequacy of the first report of the trustees was due to the recalcitrancy of the trustees is not sustained by the proofs.

What has been said may be enough to sustain an affirmance of the order of the court appealed from, but other considerations lead to the same result. As the life tenant is now dead, but little is left for the court to do except to receive and examine the reports of the trustees, and to make a proper distribution of the property. The principal questions that were in controversy have been settled by the prior decisions in this case. There seems to be no claim of any present danger to the estate or to the interests of any of the beneficiaries of the trust, if the trustees remain in charge. A very large majority of those beneficiaries have expressed the desire that the trustees should not be removed.

Some of the accepted rules which govern in determining applications for the removal of trustees are well expressed in 1 Perry on Trust (7th Ed.) § 276: "In no case ought the trustee to be removed where there is no danger of a breach of trust and some of the beneficiaries are satisfied with the management. Nor will a trustee be removed for every violation of duty, or even breach of trust, if the fund is in no danger of being lost. The power of removal of trustees appointed by deed or will ought to be exercised sparingly by the courts. There must be a clear necessity for interference to save the trust property. Mere error, or some breach of trust, may not be sufficient; there must be such misconduct as to show want of capacity or of fidelity, putting the trust in jeopardy." See, also, 3 Story Eq. Jur. (14th Ed.) § 1701; 4 Pom. Eq. Jur. (4th Ed.) § 1086; Lewin on Trusts (13th Ed.) § 494.

We think there was no abuse of discretion by the court in overruling the appellant's motion for the removal of the trustees, and the order will be affirmed.