MISSISSIPPI VALLEY TRUST CO. v. FRANZ.

FRANZ v. MISSISSIPPI VALLEY TRUST CO.

Nos. 9142, 9143.

Circuit Court of Appeals, Eighth Circuit.

July 13, 1931.

Samuel H. Liberman, of St. Louis, Mo. (T. M. Pierce, of St. Louis, Mo., on the brief), for Mississippi Valley Trust Co.

Walter R. Mayne, of St. Louis, Mo. (Edwin W. Lee, Campbell Cummings, and Fordyce, Holliday & White, all of St. Louis, Mo., on the brief), for Gustavus A. Franz, Jr.

Before STONE and GARDNER, Circuit Judges, and MARTINEAU, District Judge.

STONE, Circuit Judge.

This is another phase of the frequently appearing Franz-Buder litigation. Franz v. Buder (C. C. A.) 11 F.(2d) 854; Franz v. Buder (C. C. A.) 11 F.(2d) 858; Franz v. Franz (C. C. A.) 15 F.(2d) 797; Buder v. Franz (C. C. A.) 27 F.(2d) 101; Franz v. Buder (C. C. A.) 34 F.(2d) 353; Franz v. Buder (C. C. A.) 38 F.(2d) 605; Mississippi Valley Trust Company v. Buder (C. C. A.) 47 F.(2d) 507. On September 17, 1924, the Mississippi Valley Trust Company was appointed local administrator for Missouri for the heirs of Walter G. Franz. As such, it has represented those heirs in this extended litigation without question of the legality of its appointment as administrator or its right to act as such in this litigation. On December 17, 1930, Gustavus A. Franz, Jr., filed, in the probate court of the city of St. Louis, Mo. (wherein the company had been appointed administrator), an application for appointment as administrator of the heirs of Walter G. Franz and for the removal of the company, alleging that the appointment by the probate court of the company was "illegal, null and void ab initio" for reasons set out therein. Thereupon the company filed in this litigation its ancillary bill setting out its appointment, a pleaded admission of Gustavus in this litigation that it had been properly appointed and was the acting administrator, and sketching the course of the litigation. It then alleges that this latest move is designed to and will impair the sole and exclusive jurisdiction of this court over the subject-matter of this entire litigation, and prejudicially affect, impair, and defeat the integrity of the decrees of the court therein and render nugatory its action. Therefore it seeks an injunction against Gustavus from further prosecuting his above application in the probate court. After issue joined, the court entered a decree enjoining Gustavus from further prosecuting his application in the probate court or from instituting and maintaining any suit, proceeding, or application in that court having as its object the removal of the company as administrator or in any way attacking the validity of the appointment of the company as such "till such time as that the main cause herein shall have been concluded finally, and said Mississippi Valley Trust Company shall have received through this court or its order, the said one-tenth interest in and to said estate." From this decree, Gustavus has appealed because it enjoins him from prosecuting his proceeding in the probate court, and the company has brought a cross-appeal because the injunction was to continue only until it had received the interest in the trust estate due the heirs of Walter Franz.

■ The trial court was right in the decree as made. The injunction against Gustavus was obviously proper. He has been a party

to this litigation from the first. Not only has he raised no question as to the validity of the appointment of the company as administrator of the estate of his uncle, Walter, but his pleadings formally admit those matters, and there was never any contested issue of that character thought of in the case. According to the first opinion handed down by this court, as a result of which the amended bill was filed bringing in all of the heirs of Ehrhardt D. Franz, the necessary parties to this litigation were such heirs and devisees. The estate of Walter Franz came within this classification. That estate was represented in this litigation by the company. It might throw some doubt upon the entire course and the results of this litigation if any question could now be tolerated in the federal courts and for the purposes of this litigation which would affect the standing of the company as administrator. Because of the above situation, it cannot be tolerated that Gustavus can come in at this late date and undertake in any way to undo or muddle up this present situation which is, apparently, near to being closed. Therefore the court was entirely right in enjoining him from proceeding with his application in the probate court.

■■■ While it is more doubtful as to the limitation of the injunction, attacked in the cross-appeal, we are inclined to think that it is proper. Obviously, the federal courts perform none of the functions of a probate court, and the probate court of St. Louis should be permitted to proceed with the administration of this estate in accordance with the laws of the state of Missouri. The sole interest of the federal court, brought about by this litigation, is to protect its jurisdiction, action, and decrees in this litigation. While it has the power and the duty to do this, it seems obvious that it should go no further in interfering or controlling (indirectly) any proceedings in the probate court than is necessary to accomplish the above purposes and ends. How far it is thus necessary to go must depend upon the character and purposes of this litigation and the effects designed to be brought about by the decrees of the federal court therein. The purpose of this litigation was to declare and preserve the interests of the heirs and devisees of Ehrhardt D. Franz in and to the trust fund created by Sophie Franz. To bring about this purpose legally, it was necessary for all of those heirs and devisees to be represented in this litigation so that their rights might be declared and they might be bound by the results thereof. This litigation has resulted in declaring the

rights of these parties to this trust fund, and all of the purposes of the litigation will be served when that trust fund is paid over by the trustees to the proper parties and the trustees released. There can be no doubt that the federal court can and will protect the trustees, the heirs, and the Mississippi Valley Trust Company, as administrator, in the payment to it of the portion of the trust fund due the estate of Walter G. Franz. Also the federal court can and should provide for and see paid to the Mississippi Valley Trust Company a proper allowance and compensation for its participation in this litigation as administrator. The above will fully serve all the purposes of this action and protect all parties in every way connected with this litigation. Whether the probate court later may appoint another administrator and require the company to turn over to him the funds and the further administration of the estate is a matter which cannot affect this litigation. Therefore we think that this limitation is proper.

The decree should be, and is, affirmed.