## WALLACE v. FRANZ.

### No. 9649.

Circuit Court of Appeals, Eighth Circuit.

June 20, 1933.

Rehearing Denied Aug. 9, 1933.

Motion to Modify Opinion Denied Oct. 2, 1933.

Lon O. Hocker, of St. Louis, Mo., for appellant.

Jesse T. Friday, of St. Louis, Mo. (Allen McReynolds, of Carthage, Mo., on the brief), for appellee.

Before STONE and WOODROUGH, Circuit Judges, and MUNGER, District Judge.

WOODROUGH, Circuit Judge.

This appeal is to review a decree fixing the amount of an attorney's fee and establishing the same as a lien upon certain property of the client. The trial court found from the evidence that the value of the attorney's services to his client was $26,000 and decreed a lien in that sum, less $4,500 already paid on account. The attorney prayed for $150,000 and prosecutes this appeal.

It appears that Ehrhardt W. Franz, the client appellee, is one of ten children whose father died testate in 1898, leaving a life estate in his property to the widow, who was the mother of the children, with remainder in equal parts to the children. The widow turned over the life estate, together with property owned in her own right, to Gustavus A. Buder and Gustav A. Franz as trustees for certain purposes. The estate included, among other things, some shares of the stock of the American Arithmometer Company, which evolved into 282,500 shares of stock in the Burroughs Adding Machine Company, much of the increase coming by way of stock dividends. This stock is a listed stock which

458

rose on the exchanges to a very great value, and although it shrank after the crash in 1929, is still worth a large sum of money. In the fall of 1923 the appellee employed the appellant to advise him as to his rights as a remainderman in the estate of his father. The appellee had prosecuted litigation against the trustees in the state court in 1909 and it had been adjudicated in that litigation that appellee was a remainderman as to his father's estate, but it was uncertain whether the additions to that estate by way of stock dividends were, in law, a part of the corpus of the estate or were income. Appellee had borrowed money from the trustees and had received other sums of money from them, and had signed various papers of which he had no copies, and feared that he had surrendered all of his rights as a remainderman to his mother, the life tenant. After investigation and conferences the attorney advised a bill in equity in the federal court to quiet appellee's title as a remainderman and to settle that the stock dividends were corpus and not income; and thereafter, in the spring of 1924, the attorney filed such a bill and prosecuted the suit to final hearing in District Court. The trial court dismissed the bill for want of necessary parties defendant. The attorney prosecuted an appeal to this Court of Appeals [Franz v. Buder, 11 F.(2d) 854, 858], where it was again held that there was a failure of necessary parties; but on motion to modify, it was directed that amendment be permitted and necessary parties be brought in. The attorney caused the bill to be amended in the District Court and the necessary parties brought in. After the decision dismissing the bill, the trustees brought an action in the state court for the purpose of having it adjudicated that the stock dividends were income accruing to the life estate of the mother and were not corpus of the estate. The attorney applied in the federal court for an injunction against the prosecution of the action in the state court. The same was denied by the federal district judge but on appeal to this court injunction was allowed. Franz v. Franz, 15 F.(2d) 797. Certiorari to the Supreme Court was applied for, resisted in a brief filed by the attorney, and certiorari denied by the Supreme Court. Buder v. Franz, 273 U. S. 756, 47 S. Ct. 459, 71 L. Ed. 676. Thereafter, there was a trial in the federal District Court on the merits, resulting favorably to the appellee. An appeal from the finding was prosecuted to this court [Buder v. Franz, 27 F.(2d) 101], and the finding of the trial court was, in its main essentials, sustained; i. e., it was established by adjudication that the accretions to the stock were cor-

pus of the estate, so far as appellee was concerned, and that appellee had a vested right therein as remainderman and that the same was not income belonging to the mother.

The settling of these questions did not bring any money or property in hand to the appellee, as he was a remainderman and his mother was still living. The mother died testate shortly afterwards, however, leaving all her estate to the children, in equal shares. The principal advantage accruing to the appellee from the litigation turns out to be that it established his rights to this considerable estate as a remainderman under the will of his father and that the share coming directly to him from his father escapes certain inheritance taxes and charges to which it would have been subject if it had come to him through his mother's will.

The attorney was not discharged upon the final decree in the equity suit, but continued to serve the client in further litigation affecting the same interest. He prosecuted proceedings to compel removal of the trustees, full accounting from them, and to compel them to give security. Franz v. Buder, 34 F.(2d) 353. No specific advantages are shown to have accrued to the client from any of the litigation subsequent to the final decree fixing appellee's rights as legatee under his father's will and as a remainderman, but the subsequent litigation consumed time and effort on the part of the attorney. There was also a contest as to whether this appellee's interest should be charged with a part of a $5,000 guardian ad litem fee which had been allowed in the course of the litigation. Franz v. Buder, 38 F.(2d) 605.

The record shows clearly that the attorney had no contract for a contingent fee in any percentage upon any recovery.

On the trial before the district court the attorney developed in detail everything that he had done under his employment. Much of it was within the personal knowledge of the trial judge, and a considerable part is known to this court. It could not be demonstrated exactly what advantages had actually accrued to the client in dollars and cents at the time of the trial. Not only was the stock still fluctuating in value but, up to that time, the appellee had not actually received his estate as a remainderman under his father's will and beneficiary under the will of his mother. Other lawyers had been employed by the client to assist in the litigation and did assist materially. The trial court, having heard the evidence, took into consideration, as he stated, "the amount involved in the litigation; the novelty and difficulty, and closeness or

otherwise, of the legal questions involved; the simplicity or involution of the facts; the ability of counsel; the result accomplished; the time necessarily expended in the litigation, and, as a corollary, the mechanical, as well as the legal motions necessitated" and "reached the conclusion that a fair or reasonable fee for what was done, or the things which ought to have been done, is the sum of $26,000."

Study of the record convinces that appellant was at all the times involved an attorney of good standing; that the services he performed were carried on with skill, painstaking care, and loyalty to the client; that the client had interests of large money value directly at stake in the litigation; the attorney was successful and as his valuable services extended over a period of nearly eight years he well earned very substantial compensation and was entitled to lien for the amount. On the other hand, the particular amount to which he is entitled is not exactly demonstrable. There is a range within which experienced sound judgment settles on a figure. The sum fixed by the trial court is not grossly inadequate, having due regard to all the facts and circumstances disclosed by the record; therefore, there is no justification for us to displace it by some estimate of our own.

There was no prejudicial error, and the decree as entered should be affirmed with costs. It is so ordered.