## UNITED STATES v. PEOPLES TRUST & SAVINGS CO. OF FORT WAYNE, IND.
### No. 682.

District Court, N. D. Indiana, Fort Wayne Division.

May 12, 1937.

James R. Fleming, U. S. Atty., of Fort Wayne, Ind.

Morris, Newkirk & Hasley, of Fort Wayne, Ind., for defendant.

SLICK, District Judge.

This is a suit brought by the United States against the Peoples Trust & Savings Company of Fort Wayne, Ind., executor of the estate of Martin, and is for the collection of a claim alleged to be due the United States for income tax accruing prior to the death of Martin.

The executor demurs to the complaint, alleging that this court does not have jurisdiction of the defendant or of the subject-matter of the action for the reason that it appears that the estate of the decedent is pending in the Kosciusko circuit court of Kosciusko county, Ind., and that such state court has exclusive jurisdiction in this matter.

In the briefs filed by the parties many cases are cited, and the court has taken considerable pains to examine all cases cited. Plaintiff maintains, and its cases are in point, that it has long been held that the states cannot divest the federal courts of jurisdiction in cases of this nature, but the cases cited by the plaintiff are suits where diversity of citizenship existed. Cases cited by the defendant are suits brought in federal courts by the government to collect federal taxes, without permission of the state court where the state courts had appointed a receiver to marshal assets and liquidate state banks.

It thus appears that neither side has been able to cite a case parallel with the case at bar. A receiver appointed by a state court stands in a very similar position to an administrator or executor of an estate. It is the duty of each to marshal and collect the assets, hold them, have them appraised, give notice to creditors, receive and examine into and allow or disallow all claims, sell the property, both real and personal, under order of the court appointing such receiver or administrator, for the purpose of creating funds to pay claims, and finally, under the court's supervision, to distribute the assets. I fail to find any material difference between a receiver and an administrator so far as their duties go.

If the government cannot sue a receiver appointed by a state court without the consent of that court, why should it be permitted to sue an administrator or executor in the face of a state statute specifically prohibiting such suit, which the statute of Indiana does?

The statute, section 6-1001, Burns' Indiana Statutes 1933, provides, "No action shall be brought by complaint and summons against the executor or administrator of an estate for the recovery of any claim against the decedent, but the holder thereof, whether such claim be due or not, shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate in pending; * * * the statement shall set forth all credits and deductions to which the estate is entitled, and shall be accompanied by the affidavit of the claimant, his agent or attorney, that the claim, after deducting all credits, set-offs and deductions to which the estate is entitled, is justly due and wholly unpaid, and no claim shall be received unless accompanied by such affidavit."

It will be noticed that this section positively forbids the bringing of a suit against an executor or administrator. The statute in succeeding sections deals with practically every phase of the administration of an estate. Section 6-1008 provides that the clerk shall keep a book in which each estate shall be entered and that each claim when filed, as provided in the preceding section, shall be entered and numbered. By another section, 6-1009, it is provided that the filing and entry of such claim shall be deemed the commencement of an action upon such claim. Another section, 6-1010, provides that the administrator or executor shall, on the first Monday of January, March, May, July, September, and November of each year, examine all claims upon such docket, and either allow or disallow the same.

By the same section it is provided if the claim is disallowed it shall be transferred by the clerk to the issue docket for trial and shall stand for trial at the ensuing term. Section 6-1015 provides for the making up of issues and trial of the claim. Numerous other statutes have been enacted simplifying the procedure of prosecuting a claim against a decedent's estate.

The inhibition of the statute against suits against an administrator or an executor is in the interest of economy and simplicity in closing a decedent's estate, and is in aid of the representative of the state court in marshalling the assets and liabilities. The statute is very explicit and provides a complete procedure.

If it be conceded that plaintiff is entitled as a matter of law to maintain this suit, nevertheless I feel that this court should, in the exercise of its sound discretion, refuse to entertain jurisdiction and relegate the parties to the state court having probate jurisdiction. There is very high authority for this procedure, both in equity and law cases. Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166; Canada Malting Company, Limited, v. Paterson Steamships, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; Pufahl, Receiver, v. Estate of Elvira J. Parks, 299 U.S. 217, at page 227, 57 S.Ct. 151, 157, 81 L.Ed. 133.

For the above reasons I am of the opinion that the demurrer should be sustained, and an order will be entered to that effect.