In re Estate of ERNST H. FRANZ, MISSISSIPPI VALLEY TRUST COMPANY, Administrator, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES, Executor, etc., Appellant.  No. 36,033.

In re Estate of WALTER G. FRANZ, T. M. PIERCE ET AL. v. WILLIAM E. FRANZ ET AL., Appellants.—145 S. W. (2d) 400.  No. 36,034.

Court en Banc, December 3, 1940.

*J. Hugo Grimm* and *Buder & Buder* for appellants; *Boyle & Priest* of counsel.

*Jacob M. Lashly, Charles P. Williams* and *Samuel H. Liberman* for respondents.

1154

WESTHUES, C.—These cases involve the question of the allowance of attorneys' fees. They originated in the Probate Court of the City of St. Louis. On appeal to the circuit court an allowance of $60,000 was made in each case, whereupon an appeal was taken to this court. The cases were heard together in the probate court and also in the circuit court. They were argued together in this court. We are writing one opinion in disposing of the two cases, but a separate judgment must be entered in each case for the reason that two separate and distinct estates are concerned. To understand the situation a short history of the origin of these controversies will be necessary even though it has been stated and restated on a number of occasions. See list of cases cited in, In re Franz Estate, 344 Mo. 510, 127 S. W. (2d) 401, l. c. 403, involving various phases of this litigation.

On February 11, 1898, Ehrhardt D. Franz died testate. By his will his property was left to his wife, Sophie Franz, for life, with remainder over to his ten children in equal shares. Included in his estate were two hundred and ten shares of stock in the American Arithomometer Company. Later the Burroughs Adding Machine Company took over the assets of the Arithomometer Company and issued to the shareholders of that company stock in the Burroughs Company. This stock rapidly increased in value and at one time was worth millions. Stock dividends were declared from time to time as the assets of the company increased. On January 30, 1909, Sophie Franz, the life tenant, through a trust agreement, transferred all of her property, including that which she had received by the will of her husband, to G. A. Buder and G. A. Franz, her son, as trustees. The history of this trust estate will be found in the cases of In re Franz Estate, 344 Mo. 510, 127 S. W. (2d) 401; Franz v.

Buder, 11 Fed. (2d) 854; Buder v. Franz, 27 Fed. (2d) 101; Fiske v. State of Missouri, 62 Fed. (2d) 150. In the two latter cases the Federal court decided that each of the ten children had a vested remainder in the trust estate. The trustees had taken the position that the remaindermen, that is the ten children, did not have any interests in the trust estate. They contended that the children had assigned all of their interests to their mother, the life-tenant, and also that they had received their full share given them under the will of their father. The trustees also contended that stock dividends were income and belonged to the life tenant and not to the corpus of the estate.

In the year 1924, Ehrhardt W. Franz, a son, through his attorney, S. Mayner Wallace, filed a suit in the Federal court at St. Louis for the purpose of judicially establishing his interest in the trust estate. In the year 1922, two of the ten children died. They were: Walter G. Franz, who died while a resident of the State of Ohio; and Ernst H. Franz, who died while a resident of the State of California. The probate court appointed the Mississippi Valley Trust Company of St. Louis, Missouri, ancillary administrator for both estates. This administrator, in the month of October, 1924, employed attorneys Pierce and Liberman to establish the rights of these estates in the trust estate. An intervening petition, which had been prepared by attorney Wallace, was filed in the Federal court on behalf of the two estates. The case at that time had been set for trial for the following month. The trial court dismissed the petition on the theory that necessary parties had not been joined in the suit. The Circuit Court of Appeals sustained that ruling but permitted the filing of an amended petition wherein all necessary parties could be joined. [See Franz v. Buder, 11 Fed. (2d) 854.] An amended petition was filed by Wallace, wherein Ehrhardt W. Franz was plaintiff and all other interested parties were named as defendants. The Mississippi Valley Trust Company was also made a defendant. Pierce and Liberman filed cross-petitions wherein they asked the same relief as was asked by Ehrhardt W. Franz. The case on its merits finally reached the Circuit Court of Appeals, which court on May 16, 1928, affirmed the judgment of the district court. [See Buder v. Franz, 27 Fed. (2d) 101.] That decision established the rights of the parties in the trust estate. It was decreed that the children each owned a one-tenth interest in remainder subject to the life estate. The value of a one-tenth interest fluctuated, during the years 1924 to 1937, between $300,000 and about $2,000,000, depending on the condition of the stock market. Attorney Wallace assumed the leadership on behalf of the parties seeking to establish the interests in remainder. The life tenant, Sophie Franz, died April 14, 1930. Wallace's compensation for his labors in this litigation was fixed by the Federal court. [See Wallace v. Franz, 66 Fed. (2d) 457; Wallace v. Franz,

68 Fed. (2d) 313; Wallace v. Fiske, 80 Fed. (2d) 897.] In the latter case the Federal Circuit Court of Appeals decided that although six and two-thirds interests in remainder joined the trustees in resisting the claim made by Ehrhardt W. Franz and the two estates represented by Pierce and Liberman, they later accepted the benefits of that litigation and therefore were liable to share in the burden of the costs, including attorneys' fees. At the time the case of In re Franz Estate was decided by this court, various phases of the case had reached the United States Circuit Court of Appeals twelve times and the Supreme Court twice. Citation to these cases will be found in In re Franz Estate, 344 Mo. 510, 127 S. W. (2d) 401, l. c. 403. Attorneys Pierce and Liberman, however, did not appear in all those cases. The case decided by this court involved the right of the State of Missouri to collect an inheritance tax on the remainder interest.

Pierce and Liberman did not ask the Federal court to fix their compensation, as did Wallace. Their client, The Mississippi Valley Trust Company, as ancillary administrator, did not have any property belonging to the estate under its control until two years after the death of the life tenant, when the Federal court in July, 1932, ordered the trustees to deliver to the administrator a portion of the property to which the estates were entitled. The administrator in its final settlement in the Ernst H. Franz Estate took credit for $48,000 which it claimed it had paid to Pierce and Liberman for legal services rendered in the litigation in the Federal court. A sum of $12,000 had previously been paid to the attorneys, when the trustees, pursuant to an order of the Federal court, delivered to the administrator a portion of the property belonging to the estate. The Security National Bank of Los Angeles, California, trustee under a trust created by the will of Ernst H. Franz, deceased; Ehrhardt D. Franz and William E. Franz, distributees under the said will, filed exceptions to the item of $48,000 for which the administrator sought credit. A contention was made that the $48,000 had in fact not been paid to the administrator. We need not detail the transaction except to say that the trust company secured itself against loss in case the court should not allow the credit. The probate court sustained the exception to the allowance of the $48,000 on the theory that the estate of Ernst H. Franz had paid more than its share of attorneys' fees to Pierce and Liberman. The Mississippi Valley Trust Company took an appeal to the circuit court, which court allowed the credit in full. The exceptors duly appealed to this court.

In the Walter G. Franz Estate the trustee company filed an application in the probate court seeking the approval of an alleged agreement in the way of a compromise with attorneys Pierce and Liberman for their attorneys' fees, and authority to pay them the sum of $60,000; or in the alternative asking the court to fix the amount to

be paid to Pierce and Liberman as compensation for their labors. The attorneys also filed an application in substance the same as that filed by the administrator. The probate court found that the attorneys' fees were reasonably worth $25,000 for representing both the estates in the Federal court, but allowed only $2884.62 of said sum against the estate of Walter G. Franz. The probate court in a memorandum opinion stated as follows:

"I am sure it would be grossly unjust to charge the whole of these fees against these two estates, when it is made clear beyond debate that the District Court had the jurisdiction to distribute the whole amount allowed, as reasonable, over eight and two-thirds of the interests owning the trust fund. In this court only $2,884.62 of said sum may be charged against the estate of Walter Franz. A like amount would be chargeable against the estate of Ernst Franz were it not for the fact that these attorneys have already been paid, out of the funds of this estate, $12,000 on account of these services."

■ From the judgment of the probate court Pierce and Liberman appealed to the circuit court. The circuit court allowed the full amount asked, that is $60,000. From that judgment beneficiaries under the will of Walter G. Franz appealed to this court. In a memorandum opinion the circuit court held that the probate court was in error in holding that the other remainder interests were liable for contribution, because the Federal court had denied contribution on the application of Ehrhardt W. Franz who was the principal plaintiff and who.was represented by Wallace. The Circuit Court of Appeals, however, had held that the other interests in remainder were liable for contribution and directed the district court to determine the amount. [Wallace v. Fiske, 80 Fed. (2d) 897; l. c. 912 (16).] Since the submission of these cases appellants have filed in this court a certified copy of an order of the district court made pursuant to the ruling of the Court of Appeals. That order assessed $10,000 against each of six, one-tenth interests in remainder, and a .proportionate part against each of two interests representing one-third of one-tenth in remainder. These six and two-thirds interests had opposed the contention of Ehrhardt W. Franz and the two estates represented by Pierce and Liberman to establish the interests in remainder in the litigation in the Federal courts. In the probate court, as well as in the circuit court, Pierce and Liberman asked that they be allowed a sum compensating them in full for all their services rendered in these cases and that that sum be assessed against the two estates they represented. The probate court, by its judgment, found that the services of the attorneys were reasonably worth $25,000. It assessed only $2884.62 against the estate of Walter G. Franz on the theory that under the ruling of the Federal Circuit Court of Appeals the other remaining interests were liable for contribution. The probate court felt, as shown by a memorandum opinion, that

the attorneys should have applied to the Federal court for the allowance of their fees, in which court the whole matter could have been determined in one hearing. The judgment of the circuit court indicates that that court was of the opinion that the six and two-thirds interests in remainder were not liable for contribution. The circuit court, however, did not have jurisdiction of the parties to adjudicate that question. All the parties were in the case in the Federal court and it could have decided that controversy had the parties applied to that court for relief. If hereafter they apply to the Federal court that court will not be bound by any judgment of the State court as to the amount of attorneys' fees allowed. What is the proper solution? We think it is obvious that under the rule of comity between the State and Federal courts, the State court, in this case the probate court, could have well declined jurisdiction. It is fundamental law that where two tribunals have concurrent jurisdiction that jurisdiction first invoked has exclusive jurisdiction to the end of the litigation. This is especially true where the matter involves a trust estate or the court takes jurisdiction of the *res*. [See Thompson v. Fitzgerald, 198 Atl. (Pa.) 58, 1. c. 65 (12, 13), affirmed by the United States Supreme Court, 59 Sup. Ct. 275; Sain v. Montana Power Company, 20 Fed. Supp. 843, 1. c. 846 (4-11); 15 C. J. 1161, sec. 637, and cases there cited.] But, if we grant that the fixing of attorneys' fees in these cases was within the jurisdiction of the probate court and that a judgment thereon would not in any way interfere with the case pending in the Federal court, yet, in the interest of orderly administration of justice the parties may well have been compelled to go to the Federal court for relief. The State courts could not, as indicated above, do justice to all parties interested, because all the parties were not in court. Therefore the probate court in the first instance could have declined jurisdiction. We find excellent authority for this. [See Commonwealth of Pennsylvania v. Williams et al., 96 A. L. R. 1166, 55 Sup. Ct. 380.] In that case a suit had been filed in the Federal court and a receiver appointed to take charge of property of a building and loan association. The State of Pennsylvania, through its department of banking, filed a petition in the Federal court asking it to decline jurisdiction on the ground that under the State laws the State department could administer justice to all parties concerned. This was denied by the district court and its ruling was affirmed by the Circuit Court of Appeals. But the Supreme Court of the United States reversed that ruling and ordered that the suit in the Federal court be dismissed, the receiver discharged and all assets surrendered to the State Banking Department. This was ordered even though the Supreme Court held that the Federal court had jurisdiction. Similar cases are: United States v. Peoples Trust & Savings Co., 19 Fed. Supp. 437; Harris et al. v. Pullman et al., 84 Ill. 20.

■ The fixing of attorneys' fees in this case was merely incidental and ancillary to the main litigation pending in the federal court. That court so treated the question. See Mississippi Valley Trust Co. v. Franz, 51 Fed. (2d) 1047, l. c. 1049, where the court said:

"This litigation has resulted in declaring the rights of these parties to this trust fund, and all of the purposes of the litigation will be served when that trust fund is paid over by the trustees to the proper parties and the trustees released. There can be no doubt that the federal court can and will protect the trustees, the heirs, and the Mississippi Valley Trust Company, as administrator, in the payment to it of the portion of the trust fund due the estate of Walter G. Franz. Also the federal court can and should provide for and see paid to the Mississippi Valley Trust Company a proper allowance and compensation for its participation in this litigation as administrator. The above will fully serve all the purposes of this action and protect all parties in every way connected with this litigation."

In the case of Wallace v. Fiske, 80 Fed. (2d) 897, l. c. 901 (1-3), speaking of the controversy of Wallace's fees, the court said:

"However, all the children and lineal heirs of Ehrhardt D. Franz were before the court in the original equity cause to which this proceeding is ancillary. This is in no proper sense a separate and distinct suit. While the respective remainder interests are in some respects distinct and separate, nevertheless the entire fund was brought into the District Court from the outset, and the chancellor was clothed with power to make such orders incidental to its administration as equity and good conscience demanded. Awards of counsel fees and costs, where justified, are such incidents."

This court, under the above rulings, could order the parties to apply to the federal court to settle their differences even though the probate court had concurrent jurisdiction to try the question of the amount of attorneys' fees to be assessed against the two estates. However, the probate court decided the case on the merits. It was tried *de novo* in the circuit court. The abstract of the record in each case, as filed in this court, contains over six hundred pages. Much time and labor have been spent in these cases on part of the courts as wall as the attorneys. We have therefore reached the conclusion that in the interest of all parties concerned we will decide the case on the merits and will take into consideration the rulings of the federal courts as found in the cases above cited. Disposing of the case on the merits may save the expense of further litigation.

■ Appellants in both cases briefed at length the question of the validity of the probate court's appointment of the Mississippi Valley Trust Company as ancillary administrator. The contentions made by the parties with reference thereto were fully answered by the federal court in the case of Mississippi Valley Trust Co. v. Franz, 51 Fed. (2d) 1047. It was there decided that a number of cases had been

tried without raising the question and the parties had acted on the assumption that the appointment was valid; that to invalidate the appointment might seriously affect the validity of the judgments in the cases tried; that the parties had accepted the fruits of the litigation and therefore the validity of the appointment could not be questioned. For us to hold otherwise would be a benefit to no one but would create a fertile field in which to grow more lawsuits. The point is ruled against appellants.

In the Walter G. Franz Estate, case number 36034, appellants assert that Pierce and Liberman were strangers to the record and therefore had no right to appeal from the judgment of the probate court. The administrator had filed a petition in the probate court asking an adjudication of the question of attorneys' fees. Pierce and Liberman also filed a petition in substance the same as that filed by the administrator. The petitions were treated as seeking the same relief, and as far as we can learn from the record were heard together. The ruling of the probate court was in effect a ruling on both petitions even though they were not mentioned in the judgment. The question could have been litigated if the petition of Pierce and Liberman had been the only one filed. In such a case they would have been the only parties plaintiff and there would not have been any question of their right to an appeal from an adverse judgment of the court. The mere fact that the administrator also filed a petition asking the same relief did not change the situation. We rule that under the statute, Section 284, R. S. Mo. 1929, Mo. Stat. Ann., page 177, Pierce and Liberman had the right to appeal. That section concludes with the following words:

"And the right of appeal herein provided for shall extend to any heir, devisee, legatee, creditor or other person having an interest in the estate under administration."

On the merits of the case our comments and conclusions are: Attorneys Pierce and Liberman had the opportunity to apply to the Federal court for relief. In that court their clients, against whom they now seek a judgment could have had the benefit of litigating the question of contribution from the other interests in remainder. Since the attorneys did not see fit to apply to the Federal court, but for reasons best known to themselves applied to the State court for redress, it would be manifestly unfair to assess against the estates they represented more than the share which those estates should bear. It must be remembered, however, that these two estates did in fact derive a great benefit through the litigation in the Federal courts. In the finding of facts, made by the Federal court on March 30, 1940, when the court made an order allowing an additional fee of about $66,000 to Wallace, the court found that each one-tenth interest had been saved inheritance taxes, Federal and State, and administrative expenses in the sum of approximately $295,000. See In re Franz

Estate, 344 Mo. 510, 127 S. W. (2d) 401, where this court held that the remainder interest was not subject to the State inheritance tax because the interest had vested at the death of Ehrhardt D. Franz in the year 1898. Now for the difficult task of determining what sum would be just and right to assess against each estate to compensate the attorneys for their labors. In determining this question we will not enumerate in detail the work connected with the litigation, but will refer the reader to the cases in which the attorneys took part. Those cases reflect the amount of labor performed by the attorneys. The record, as filed in this court, does not add or detract much therefrom. The principal litigation which established the rights of the two estates in the trust estate will be found in 11 Fed. (2d) 854, and 27 Fed. (2d) 101. Other cases involving collateral matters, but where attorneys took part are: Franz v. Buder, 38 Fed. (2d) 605; Franz v. Franz, 15 Fed. (2d) 797; Franz v. Buder, 34 Fed. (2d) 353; Mississippi Valley Trust Co. v. Buder et al., 47 Fed. (2d) 507; Mississippi Valley Trust Co. v. Franz, 51 Fed. (2d) 1047. In determining the amount to be allowed we will take into consideration principally the following facts established by the record: That attorney Wallace assumed the laboring oar in the principal litigation; the amount of time and labor as reflected by the cases above cited and the record as made in this case; the amount involved in the litigation; the legal questions in controversy as reflected by the cases in the Federal courts cited above. We will consider that Pierce and Liberman represented two estates. Each owned a one-tenth interest in the trust estate, but the same questions of law were involved to establish their interests, as were involved in the suit filed by Ehrhardt W. Franz who was represented by Wallace. We will also take into consideration that Wallace was allowed $26,000 by the Federal court, which was assessed against his client Ehrhardt W. Franz. [See Wallace v. Franz, 66 Fed. (2d) 457.] Also, that later Wallace was allowed $10,000 against each of the six and two-thirds interest, which totaled about $66,000; that Earl F. Nelson was allowed $5000 for representing minor heirs as guardian *ad litem*. [See Franz v. Buder, 38 Fed. (2d) 605.] We will consider the amount saved by the estates in inheritance taxes; the claim of Pierce and Liberman that they advised the administrator with reference to legal matters in administering these estates in the probate court; and also the evidence pro and con as to the benefits to the estates resulting from the litigation. Duly considering all of these matters just mentioned and all the circumstances of the litigation, as reflected by the record, we deem that $20,000 is a reasonable sum to be assessed against each estate. We are not ruling upon the question of whether Pierce and Liberman are entitled to contribution from the other interests in remainder. That is beyond our jurisdiction in this case. In the Ernst H. Franz Estate, case number 36033, the attorneys have been

paid $12,000. This should be credited on the amount of $20,000 allowed by this court. In the Walter G. Franz Estate, case number 36034, the attorneys have not been paid any sum, therefore the sum of $20,000 should be allowed against that estate. The judgment of the circuit court with reference to the attorneys' fees of Pierce and Liberman in case number 36033 is therefore reversed with directions to enter judgment allowing the administrator a credit of $8000 in lieu of the credit of $48,000 allowed by the circuit court. Exceptions were also filed as to other credits taken by the administrator in its settlement. Since they were not briefed in this court the judgment of the circuit court as to them will be affirmed. The judgment of the circuit court in case number 36034 is reversed with directions to enter a judgment that Pierce and Liberman be paid the sum of $20,000. The judgment in the circuit court in each case to be certified to the probate court.

PER CURIAM:—The foregoing opinion by WESTHUES, C., in Division Two, is adopted as the opinion of the Court en Banc. *Tipton, Clark, Hays, Gantt, JJ.*, and *Leedy, C. J.*, concur; *Douglas* and *Ellison, JJ.*, concur in result.