**WALLACE v. FISKE et al.**
No. 10060.

Circuit Court of Appeals, Eighth Circuit.
April 24, 1935.

On Rehearing Jan. 13, 1936.

Further Rehearing Denied Feb. 5, 1936.

Lon O. Hocker, of St. Louis, Mo. (Jones, Hocker, Gladney & Jones, of St. Louis, Mo., on the brief), for appellant.

G. A. Buder, Jr., of St. Louis, Mo. (James A. Reed, of Kansas City, Mo., and Oscar E. Buder, of St. Louis, Mo., on the brief), for appellees.

Before GARDNER, SANBORN, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

The matters involved in this appeal have their origin in litigation which had its beginning in the District Court for the Eastern District of Missouri in 1924, and has continued in some phase until the present. Its history is to be found in decisions of this court recorded in eleven volumes of the

Federal Reporter, Second Series,[1] and, on two occasions, it has received attention from the Supreme Court of the United States. Buder v. Franz, 273 U. S. 756, 47 S. Ct. 459, 71 L. Ed. 876, and State of Missouri v. Fiske, 290 U. S. 18, 54 S. Ct. 18, 78 L. Ed. 145. The entire substance of the controversies must be gathered from an examination of these decisions—too extended to be considered in detail within the scope of this opinion—but enough must be here stated to insure understanding of the questions presented for our answer and determination.

Ehrhardt D. Franz, a resident of St. Louis. Mo., died testate February 11, 1898. Among the assets of his estate were 210 shares of the capital stock of the American Arithmometer Company, to which, after the death of the testator, the Burroughs Adding Machine Company became successor. By his will Ehrhardt D. Franz gave all of his property, real and personal, to his wife, Sophie Franz, for life, with remainder over to his ten children in equal shares. January 30, 1909, Sophie Franz by trust agreement transferred certain stocks, and other property and securities, to G. A. Franz and G. A. Buder, as trustees, to hold the same during her life. These trustees were empowered to collect the income and profits from the trust property, and were directed out of such income and profits to pay to Sophie Franz $4,000 per annum, and to pay each of her nine surviving children, and to the guardian of a deceased daughter, $2,500 per annum. In 1910, a decree of a state court confirmed this trust agreement and undertook to interpret it in accordance with the wishes of the testator as expressed in his will. At the time of the execution of this trust agreement the shares of stock of the estate in the Arithmometer Company had been increased by a stock dividend to 420 shares, which were transferred to the trustees under the trust agreement. In lieu of these 420 shares, the Adding Machine Company issued 4,200 shares of its capital stock. By March 5, 1924, these had been increased by stock dividends to 15,750 shares in the said Burroughs Adding Machine Company. On that date Ehrhardt W. Franz, son of Ehrhardt D. Franz, brought suit against trustee G.

A. Buder, alleging that the trust estate which had been in exclusive possession of the trustees had greatly increased in value by reason of the stock dividends declared by the Adding Machine Company; that information concerning the condition, extent, and value of the property, in which plaintiff with others had an estate in remainder, had been refused, the trustees contending that plaintiff no longer had any remainder interest in the property. The bill prayed for discovery and accounting, and that plaintiff's vested remainder interest in and to 1/10 of the properties be adjudged and quieted. The Mississippi Valley Trust Company, as administrator of the estates of two deceased children of Ehrhardt D. Franz, filed intervening petitions setting up substantially the same facts and praying the same relief. Defendant Buder by answer contended that the stock dividends which had accrued belonged, as income, to the life tenant, and that any remainder interest which plaintiff may have had had been released by payments and advances made to him by his mother, Sophie Franz. The trial court dismissed the bill for want of indispensable parties. Neither the life tenant, the other heirs in remainder, nor the cotrustee had been made parties. It appearing that a final decree granting to plaintiff-appellant the relief prayed could not be entered without directly affecting the interests of these indispensable parties, this court modified the decree of the lower court by directing that the dismissal should be without prejudice to any other suit on the merits. Franz v. Buder (C. C. A.) 11 F.(2d) 854, 858. On motion to modify, this decree was changed to permit an amendment in the same suit, supplying such parties as were indispensable to the action, and such other particulars as might be necessary to confer jurisdiction. 11 F.(2d) 858, 860. Passing by some intermediate litigation with which we need not be here concerned [Franz v. Franz (C. C. A.) 15 F. (2d) 797], the trial court entered its decree May 5, 1927, in which it found the issues upon the amended bill and answers thereto in favor of the plaintiff Ehrhardt W. Franz, and upon the several cross-bills and answers thereto in favor of the Mississippi Valley Trust Company as administrator for

[1] Franz v. Buder, 11 F.(2d) 854; Id., 11 F.(2d) 858; Franz v. Franz. 15 F. (2d) 797; Buder v. Franz, 27 F.(2d) 101; Franz v. Buder, 34 F.(2d) 353; Id., 38 F. (2d) 605; Mississippi Valley Trust Co. v. Buder, 47 F.(2d) 507; Mississippi Valley Trust Co. v. Franz, 51 F.(2d) 1047; Fiske v. State of Missouri, 62 F.(2d) 150; Wallace v. Franz, 66 F.(2d) 457; Id., 68 F.(2d) 313; Fiske v. State of Missouri, 69 F.(2d) 683.

the estates of Walter G. Franz and Ernst H. Franz, deceased sons of Ehrhardt D. Franz, also in favor of certain infant defendants, and against all other defendants to the litigation. The net result was a finding that:

"Said plaintiff and said estates will be entitled to the possession of their said several remainders upon the death of Sophie Franz as life tenant of the said properties; and that the titles of the said plaintiff and of the said estates, in and to their said several remainder interests, be and the same, are hereby thus adjudged, determined and quieted."

This adjudication also included the interest and estate of Eleanor Kleinschmidt as one of the heirs of Minna F. Kleinschmidt, deceased, daughter of Ehrhardt D. Franz, and entitled under his will to the extent of a ¹⁄₁₀ remainder interest. The decree thus favored remaindermen holding 3⅓ interests in the corpus of the Franz estate and was against the contentions of the holders of 6⅔ interests. This decree, in the particulars referred to, was affirmed by this court [Buder v. Franz, 27 F.(2d) 101] holding that stock dividends on stock held in the trust estate are part of the corpus and not income from the estate, and that the remainders in question became vested under the will of Ehrhardt D. Franz. It is to be noted, while the necessary effect of the decree of May 5, 1927, was to hold that all the children of Ehrhardt D. Franz were remaindermen under his will, precisely as was the plaintiff Ehrhardt W. Franz, nevertheless the holders of the 6⅔ interests, as found by the District Court, "appeared herein by their own solicitors, asked for no affirmative relief, filed no cross-bills, but contented themselves with denial of the existence of the remainder interest in dividends of stock. * * *

"For reasons best known to them, they did not see fit anywhere to ask for a formal decree in their favors, and so none was entered."

It has twice been held by this court that "the fundamental questions of fact and law which would determine the extent of the plaintiff's [Ehrhardt W. Franz'] remainder interest would likewise determine and affect the other remainder interests." Franz v. Franz, 15 F.(2d) 797, 800; Fiske v. State of Missouri, 62 F.(2d) 150, 153.

Sophie Franz, widow of Ehrhardt D. Franz, and life tenant under his will, died April 14, 1930. May 17, 1930, the surviving remaindermen, comprising the 6⅔ interests, petitioned the District Court for distribution to them of their remainder estates under the will, thereby claiming and accepting the effect of the decree of May 5, 1927, affirmed by this court. Buder v. Franz, 27 F.(2d) 101. Their petition was denied by the trial court April 1, 1932, and, on the same day, the trustees were directed to deliver these remainder interests to G. A. Buder, as executor of the estate of Sophie Franz.

May 31, 1930, Ehrhardt W. Franz, through counsel other than the appellant herein, petitioned the trial court against the owners of the 6⅔ remainder interests for contribution proportionately to the payment of reasonable attorneys' fees of his counsel, including this appellant, and other necessary expenses incurred in the litigation; or, in the alternative, to direct the trustees to deliver to the executor of the estate of Sophie Franz, deceased, all of the property in their possession belonging to such remainder interests. April 1, 1932, the prayer for contribution was denied.

Appellant, because of the apparently unfriendly attitude of his late client Ehrhardt W. Franz, felt compelled to proceed in the District Court to enforce his solicitor's lien for services rendered. He was awarded the sum of $26,000. On appeal this award was affirmed by this court. Wallace v. Franz, 66 F.(2d) 457, 459. Appellant later, because of the greatly increased market value of the Burroughs stock involved, sought permission to file a bill of review to revise the amount of this award. This leave was denied by this court. Wallace v. Franz, 68 F.(2d) 313.

After the death of Sophie Franz, her executor, in view of the decrees of the federal court to the effect that stock dividends were corpus of the estate of Ehrhardt D. Franz and not income to the life tenant, did not include the shares of the 6⅔ remainder interests in his inventory of her estate. Claiming that these interests in the Burroughs stock held in the trust estate were subject to inheritance taxes as part of the estate of Sophie Franz, the state of Missouri sought and was given leave to intervene in the federal court. In that court the state set forth a citation issued in the probate court in St. Louis, Mo., to compel the executor to inventory these shares as assets of the estate of Sophie Franz and subject to inheritance tax. It contended that, while the decree in the federal court had

found the interests in remainder in certain children of Ehrhardt D. Franz, it had made no such finding with respect to the holders of the 6⅔ interests; that the latter by diverse acts and pleadings had extinguished their remainder rights, if any they had; that such interests were seeking in the federal court to obtain distribution of the shares of stock in question; and that, to protect the rights of the state, it was necessary, through intervention, to cause a portion of the stock to be transferred to the registry of the federal court and there held until the probate court determined whether such stock should have been inventoried as a part of the estate of Sophie Franz. Thereupon five of the said 6⅔ interests filed their ancillary and supplemental bill of complaint for an injunction directed against the state of Missouri, its Attorney General, and other officers to restrain them from attempting to obtain in the probate court orders adverse and prejudicial to complainants' interests, which would "prejudicially affect, impair, and defeat the jurisdiction" of the federal court. The state moved to dismiss this bill, on the ground, among others, that it was an action against the state which had not consented to be sued, and was, therefore, in violation of the Eleventh Amendment to the Federal Constitution. The district trial court sustained this motion. This court, on appeal, reversed the District Court decree, on the ground that the federal court had in effect adjudicated the remainder interests of all the children of Ehrhardt D. Franz, as vested under his will at the time of his death, and that this court had the power and duty to protect its jurisdiction and the efficacy of its decrees. Fiske **v.** State of Missouri, 62 F.(2d) 150.

The Supreme Court reversed this court upon the sole ground that the action was against the state and in violation of the Eleventh Amendment and expressed no opinion otherwise upon the merits discussed. State of Missouri v. Fiske, 290 U. S. 18, 54 S. Ct. 18, 78 L. Ed. 145. Conceiving that the owners of the 6⅔ remainder interests had accepted the decrees of the District Court and of this court, as in effect confirming in them vested remainders under the will of Ehrhardt D. Franz, and that the same result would ultimately be reached in the state courts, or, failing that, by review in the Supreme Court of the United States (Gibbons v. Mahon, 136 U. S. 549, 559, 565, 10 S. Ct. 1057, 34 L. Ed. 525; Eisner v. Macomber, 252 U. S. 189, 211, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L.

R. 1570; McDonald v. Maxwell, 274 U. S. 91, 97, 47 S. Ct. 497, 71 L. Ed. 942, 55 A. L. R. 705; Hayes v. St. Louis Union Trust Co., 317 Mo. 1028, 298 S. W. 91, 56 A. L. R. 1276), appellant herein, May 10, 1934, filed in the District Court of original jurisdiction his petition that he be awarded counsel fees against said 6⅔ interests commensurate with the large pecuniary value of his services to them when the same should be ascertained; and, in connection therewith, his motion that the trustees G. A. Franz and G. A. Buder be ordered to pay into the registry of the District Court an adequate sum, in cash or stock of the Burroughs Adding Machine Company, as would be sufficient for the satisfaction of such counsel fees as might later be allowed under his said petition. Both this petition and the motion were in all respects overruled and denied by order entered July 7, 1934. This appeal followed.

Some questions raised in brief and argument may be disposed of at the outset.

■ Appellees contend that, as appellant's cause of action is alleged to have accrued under decree of this court in 1927, his claim filed in 1934 is barred by the Missouri statute of limitations (Mo. St. Ann. § 862, p. 1143). As stated by counsel for appellant, there are many reasons why this statute has no application in the instant case. A court of equity has jurisdiction, absent laches, to make such awards at any time while it retains jurisdiction of the parties and subject-matter. That it did retain and exercise such jurisdiction is evidenced by the many applications and orders made to and by it, some of these applications by appellees herein. Moreover, no distribution could be made until the death of the life tenant, which occurred within the statutory limitation. That the court did retain and have such jurisdiction likewise disposes of the claim that two of appellees are residents of the state of Missouri, and, therefore, beyond the reach of appellant in this action. However, all the children and lineal heirs of Ehrhardt D. Franz were before the court in the original equity cause to which this proceeding is ancillary. This is in no proper sense a separate and distinct suit. While the respective remainder interests are in some respects distinct and separate, nevertheless the entire fund was brought into the District Court from the outset, and the chancellor was clothed with power to make such orders incidental to its administration as

equity and good conscience demanded. Awards of counsel fees and costs, where justified, are such incidents. Therefore no misjoinder of parties, as claimed by appellees, is apparent.

█ It is next contended in defense that appellant brought no fund into court for remaindermen which could be subjected to the demands of counsel for contribution or otherwise; because, it is pointed out, the property representing the res "was at all times in being, on hand and protected in a place of safe-keeping for the benefit of those interested therein," that is to say, the stock certificates and securities were locked in safe deposit vaults in the city of St. Louis. This contention of appellees seems to beg the question in this respect. This property was in the possession and control of trustees who rejected the claim of Ehrhardt W. Franz, denied that he had any interest remaining, and refused to give him any information respecting that property and the administration of their trust. The same attitude would have met the claims of the other remaindermen if they had elected to assert them. The great potential value of the establishment of these remainder interests in the corpus of the trust estate, augmented as it was by stock dividends, until it had reached a stage of enormous value, is too obvious to warrant much particularization. The mother, advanced in years, placed implicit reliance upon her trustees, one of whom was named as her executor, and whose interests would have been materially advanced by establishing the entire fund as the property of the life tenant. Certainly to these remaindermen there has resulted the difference between absolute ownership of distributive shares and mere hoped-for participation in testamentary disposition. That the latter status would, perhaps, have resulted if this suit had not been instituted, can have no effect upon the contention made. Even so, all remainder interests now seek to take advantage of the federal decrees entered, to escape the large state inheritance taxes incidental to administration upon the estate of Sophie Franz. It is stated by counsel for appellant that, if the conclusion of the federal courts shall ultimately prevail, the services of appellant in this litigation will immediately and proximately result in saving each remainderman more than $140,000 in Missouri inheritance and federal estate taxation, and in executor's commissions and other probate expenses. We have not

thought it necessary to verify these figures, but they meet no substantial denial from appellees, and it must be conceded that the saving would be very considerable. The inheritance and estate taxes now in force did not exist when the estates in remainder became vested at the death of the testator.

Appellees next contend that appellant, having been fully compensated by his own client, has no claim for services against any party to the litigation; that Ehrhardt W. Franz, being the real owner of the claim for contribution, and having had his claim for contribution denied by the District Court, without appeal, could not now proceed further for contribution against appellees, and that appellant is likewise estopped. While it is true that such allowance may be made directly to the attorney, and not necessarily to or through, the client (Colley v. Wolcott [C. C. A. 8] 187 F. 595; Central Railroad & Banking Co. v. Pettus, 113 U. S. 116, 5 S. Ct. 387, 28 L. Ed. 915), it is certain that the claim is not so separable that, if in good faith prosecuted by the one, the final adjudication will not bind the other. It is to be observed that the right to reimbursement for costs and expenses, including reasonable attorney's fees, is primarily that of the client, whose suit has been instrumental in preserving an estate and restoring it to the purposes of the trust; and, if he has compensated his attorney, either under contract or through proper application to the court, the claim of counsel is concluded by such a disposition of the matter. But appellant contends that his right to such awards has not been adjudicated, and in support thereof advances the following reasons:

(a) That the motion of his client, filed by other counsel, was in the alternative, asking primarily that the court deliver the 6⅔ interests to the executor as the property of his mother, but, if the court were of a contrary opinion, then that he be awarded contribution against those interests on account of his attorney's fees and expenses. The contention is that there was in reality no denial of the motion for contribution because its primary prayer was granted and sustained. In view of the extended consideration given by the trial court to the prayer for contribution and its positive and unqualified denial of that prayer, as disclosed by the reprint of the original records furnished to us on this appeal, this contention of appellant cannot be indulged.

(b) Appellant calls attention to the fact that the motion was presented by counsel other than himself because the relations between him and his client had become strained; that he considered the application premature and ill-advised at that time, and did not participate in any way in that alternative motion for contribution. It is not contended, however, that the motion was not filed and prosecuted in good faith, and an examination of the reprinted record discloses that the claim for contribution was fully and forcibly stated and received especial and careful consideration from the court upon its merits, irrespective of the alternative feature of the motion.

(c) Finally, upon this point, appellant urges that, even if the denial of the Franz motion is deemed to operate as res adjudicata, his present petition and motion should be treated as in the nature of a bill of review, "because of 'new matter'—that is law, subsequently declared by this court," and that the subject-matter of contribution be re-examined. This contention is based upon the fact that, at the times the motion of Ehrhardt W. Franz was filed and passed on, this court had not specifically held that the decree of May 5, 1927, affirmed May 16, 1928 [Buder v. Franz, 27 F. (2d) 101] applied with equal force to all parties to the litigation [Compare Fiske v. State of Missouri, 62 F.(2d) 150, 153, and State of Missouri v. Fiske, 290 U. S. 18, 54 S. Ct. 18, 78 L. Ed. 145], nor had the owners of the 6⅔ remainder interests accepted this result of the litigation as later they did. The District Court dwelt upon both facts in denying Ehrhardt W. Franz's motion for contribution April 4, 1932. In now urging that this petition for contribution, filed May 4, 1934, should be treated as a bill in the nature of a bill of review, appellant relies upon this "new matter" that has arisen since the original decree, as ground for sustaining such a bill, citing Hill v. Phelps (C. C. A. 8) 101 F. 650, 651, and Omaha Electric Light & Power Co. v. City of Omaha et al. (C. C. A. 8) 216 F. 848. Under other circumstances we should be disposed to pass by the irregularity of failing to ask from this court permission to file such a bill. However, in Wallace v. Franz, 68 F.(2d) 313, this court has passed adversely upon a situation closely analogous to that before us, and arising in this same litigation. We do not feel warranted in departing from the rule there announced.

We come now, finally, to consideration of the principle, as applied to facts in this case, upon which appellant bases his right to recovery. That principle is thus stated in Trustees of Internal Improv. Fund v. Greenough, 105 U. S. 527, 26 L. Ed. 1157:

"One jointly interested with others in a common fund, who, in good faith, maintains the necessary litigation to save it from waste and secure its proper application, is entitled in equity to the reimbursement of his costs as between solicitor and client, either out of the fund itself, or by proportionate contributions from those who accept the benefit of the litigation."

This is a rule of equity which has found general acceptance where the situation warrants and needs no extended citation of authority. The amount of compensation, of course, rests within the sound discretion of the trial judge.

In support of his claim against the owners of the 6⅔ remainder interests, appellant urges that this is a class suit and that he is, therefore, entitled to compensation from all who derived and accepted benefit from it.

We find it impossible to agree that this is a class suit in any true sense. It was not brought as such. Ehrhardt W. Franz did not sue as the representative of a class, nor for the benefit of all similarly situated who might join in his effort to obtain the relief prayed. The dismissal below for want of indispensable parties was sustained, permission being granted for amendment to supply that defect. Among such indispensable parties were these remaindermen against whom this recovery is sought. In the amended bill there was no thought of characterizing this as a class suit. On the contrary, appellant sought only to establish his own right, and to remove cloud from his own remainder title against any and all parties in interest. His claims were resisted from the outset by all except the estates in charge of the Mississippi Valley Trust Company and ultimately by another small interest. We cannot, therefore, regard this as a class suit. That it may involve parties with identical interests does not necessarily make it such. Appellant must depend upon the principle, sometimes applicable, that it is the benefit conferred upon the class of persons to whom a fund will be distributed that primarily conditions their liability to counsel for compensation, whether or not the suit in terms has been

brought for their benefit, and whether they have or have not actively co-operated with the complainant in the action. Appellant places much reliance upon Buford v. Tobacco Growers' Co-op. Ass'n (C. C. A. 4) 42 F.(2d) 791, 792, in which it is said:

"If the class of persons among whom the fund will be distributed has been benefited by the suit it makes no difference that some of them may have contested it; for it is the benefit conferred, and not the fact that all of the beneficiaries may have agreed as to what was beneficial, that entitles counsel to compensation."

The rule there announced depends for its application upon the facts presented in a given case. In that from the Fourth Circuit just cited, the district judge had denied the petition in the exercise of his discretion without finding the facts upon which the exercise of this discretion was based, and the Circuit Court of Appeals remanded the case in order that he might find the facts and make orders appropriate in view of this announced principle. In the case before us the facts are fully made to appear, and do not, in our judgment, justify the conclusion that the discretion exercised in the denial of appellant's petition and motion was unsound.

Throughout the litigation resulting in the federal decrees upon which appellant bases his ground for recovery appellees steadfastly resisted appellant's claim and repudiated the theory upon which it was founded. They employed and became obligated to their own counsel. It cannot be said that their position, although perhaps mistaken, was arbitrary, or entirely unreasonable. At least until the final decrees were rendered and the Supreme Court of Missouri, in effect reversing its former ruling and adopting the federal view, had declared that stock dividends belong to corpus rather than income, the outcome of the litigation may have appealed to them as being fairly in doubt. In such case, they may reasonably have preferred to cast their lot with the trustees and with their mother, upon whom they relied for substantial testamentary favor. Under these circumstances it is not the rule to exact contribution from defendants who appear by their own attorneys, especially in opposition to the plaintiff in the action. Where the suit is of a friendly nature, or is brought as representative of, or for the benefit of a class, acceptance of the attorney's services by the others may be implied. Fletcher v. Coomes, 52 App. D. C. 159, 285 F. 893. But that is not the case here. Compare In re Gillaspie (D. C.) 190 F. 88; Tull v. Nash (C. C. A. 9) 141 F. 557; Aronstam v. All-Russian Central Union of Consumers' Societies, Inc. (C. C. A. 2) 270 F. 460; New York Cent. & H. R. R. Co. v. Bank (C. C. A. 5) 195 F. 456.

"One jointly interested with others in trust funds, who in good faith maintains for himself and others interested like him necessary litigation to secure or protect them, is entitled to reimbursement out of the funds protected or secured. The principle on which such allowance is based is that the plaintiff represented the others for whom he sued. But a solicitor cannot make another person his debtor by rendering services in his behalf without his express or implied assent. * * *

"There is no implied promise to pay an attorney whom one has not employed, because of incidental benefits derived from his services." Lamar v. Hall & Wimberly (C. C. A. 5) 129 F. 79; Davis v. Seneca Falls Mfg. Co. (C. C. A. 2) 17 F.(2d) 546.

The benefits conferred upon the appellee remaindermen were distinctly incidental. Ehrhardt W. Franz sued not as the representative of a class, but for the purpose of safeguarding his own personal interests under the will of his father, which had been threatened by the hostile attitude of the trustees. Relief from estate and inheritance taxes and other expenses incidental to administration upon the estate of his mother was never in contemplation until the litigation had reached an advanced stage. We are persuaded that a case for contribution from appellees has not been made out, and that the decree of the chancellor disallowing it involved no abuse of a sound discretion.

We have given the matter careful consideration, and have extended this opinion perhaps to undue length for that reason. We have personal knowledge through proceedings in this court of the skillful and valuable services of appellant in behalf of his client, services which have inured to the incidental benefit of other parties to the litigation. His appeal has been admirably briefed and presented, but we find it impossible under the facts and under the law as we understand it to grant the relief prayed. The decree below is, therefore, affirmed.

## On Rehearing.

The main facts concerning this protracted litigation are stated in our opinion rendered upon the original hearing, to which opinion reference is made. On rehearing counsel for appellees relied upon all the points urged in their original brief and argument. Among them are the following: The services of appellant did not create or recover a fund and bring it into court; appellant's cause of action, if any, is barred by the statutes of limitation; the respective remainder interest of each of the appellees is distinct and separate and there is, therefore, a misjoinder of parties defendant; appellant and appellees Sherman H. Kleinschmidt and Helen Kleinschmidt are all citizens of the state of Missouri, and therefore the court is without jurisdiction over said appellees.

These contentions of appellees were considered and rejected in our former opinion, and to the conclusions there reached upon these points we now adhere.

The crucial points in issue, a reconsideration of which was prayed in the petition for rehearing, may be reduced to the following:

1. Is appellant entitled to an assessment against each of the remainder estates of appellees upon a final determination that these estates are protected by the decree of May 5, 1927, which was procured through appellant's efforts?

2. Does the fact that appellant has been compensated for services to his own client, and the further fact that that client cannot now proceed against appellees for contribution, prevent the recovery sought, even though otherwise allowable?

These questions will receive consideration in the order named. For a better understanding of the precise nature of appellant's claim, and of the major defenses interposed, it is deemed necessary to enter more fully into some of the phases of this complex and prolonged litigation, at the expense of unfortunate but unavoidable prolixity and repetition. The amended petition of Ehrhardt W. Franz, in which issues on the merits were first joined, [Franz v. Buder (C.C.A.) 11 F.(2d) 854, 858, and Franz v. Franz (C.C.A.) 15 F.(2d) 797] named as parties defendant the trustees Gustav A. Franz and Gustavus A. Buder, the life tenant Sophie Franz, and all other heirs in remainder under the will of Ehrhardt D. Franz, deceased, including appellees herein. In his bill Ehrhardt W. Franz was seeking to establish title to his remainder interest under said will. He alleged that he had demanded of the trustees information concerning, and account of, the nature, condition, extent, and value of the various properties belonging to the estate of his father; that the trustees had refused to furnish such information or account, and wrongfully contended that he no longer had or owned any remainder interest in such properties. He sought by this action to determine and quiet his remainder interest, to secure an accounting concerning the property in the hands of the trustees to which said remainder interest attached, and to obtain security for the protection of the same. Franz v. Buder (C.C.A.) 11 F.(2d) 854, loc. cit. 856, 857.

The main answer to this amended bill was filed by Gustavus A. Buder in his individual capacity. In that answer said Buder contended that all stock dividends, by which the estate of Ehrhardt D. Franz had been enormously increased, "were part of the earnings, usufruct, profits, and income of said estate to which the life-tenant (Sophie Franz, the mother) was entitled in her own right." He pleaded further that each of the ten children of Ehrhardt D. Franz, including this appellant, had received advances from the life tenant, and shares of stock in a corporation entitled "E. D. Franz Estate," and "that each of said children, including the plaintiff, received and accepted said stock with the understanding and agreement as part of the consideration, that it was in full satisfaction and release of his or her remainder interest, if any, under the will of said Ehrhardt D. Franz." Contemporaneously, the life tenant, the cotrustee, and all the heirs of Ehrhardt D. Franz represented in the six and two-thirds remainder interests, appellees herein, filed answers in which they "admit and adopt for and in their own behalf the answer of Gustavus A. Buder, individually, to plaintiff's amended bill of complaint heretofore filed herein, and admit, adopt, and re-allege all of the matters, things, facts, admissions, denials, defenses, and allegations therein contained and set forth."

The Mississippi Valley Trust Company, as administrator of the estates of two deceased sons of Ehrhardt D. Franz, filed intervening petitions setting up substantially the same facts and praying the same relief as the plaintiff. The interests of these two estates were represented by the solicitors of the trust company. May 5, 1927, the District Court decreed that "said plaintiff and

said estates will be entitled to the possession of their said several remainders upon the death of Sophie Franz as life tenant of the said properties; and that the titles of the said plaintiff and of the said estates, in and to their said several remainder interests, be and the same are hereby thus adjudged, determined and quieted."

This adjudication included the interest and estate of an infant defendant, one of the heirs of a deceased daughter of Ehrhardt D. Franz, to wit, one-third of a one-tenth remainder interests. As stated in our former opinion, "the decree thus favored remaindermen holding 3⅓ interests in the corpus of the Franz estate and was against the contentions of the holders of 6⅔ interest." This decree was affirmed by this court. Buder v. Franz, 27 F.(2d) 101.

April 14, 1930, Sophie Franz, the life tenant, died. May 17, 1930, defendants, appellees herein, petitioned the District Court for distribution of their remainder interests, stating that, "by reason of the falling in of the life estate, the vested remaindermen * * * are in law entitled to the possession of said trust property comprising said Ehrhardt D. Franz estate." At that time the testate estate of Sophie Franz was in course of administration in the probate court of the city of St. Louis. June 6, 1931, while said petitions for distribution were pending, the state of Missouri filed its intervening petition alleging that the remainder interests of appellees herein were not protected by the decree of May 5, 1927, hereinabove referred to; that said appellees by divers acts and pleadings filed in said cause had extinguished, transferred, and assigned their remainder interests to the life tenant, Sophie Franz; that that portion of the Burroughs Adding Machine Company stock, claimed by appellees herein, was subject to inheritance taxes as part of the estate of Sophie Franz, and had not been inventoried in her estate; and praying that a portion of this stock be transferred from the trustees to the District Court registry to secure the state inheritance taxes thereon, and be held until it might be determined in the probate court of the city of St. Louis whether such stock should have been inventoried therein as part of the Sophie Franz estate. Thereupon, representatives of five of the six and two-thirds interests, appellees herein, filed in the District Court their ancillary and supplemental bill of complaint for an injunction, directed at the state of Missouri, certain of its officers, and attorneys for the state in connection with said inheritance taxes claimed in the Sophie Franz estate. This bill alleged that the state and its representatives had caused to be served on the executor of that estate a citation from the probate court intended to have inventoried, as a part of such estate, the Burroughs Stock in the trust estate belonging to them as vested remainders under the will of Ehrhardt D. Franz; that such action was contrary to the decree of the trial District Court which had adjudged complainants entitled to receive this stock from the trustees; that respondents would attempt to obtain orders in the probate court which would be "adverse and prejudicial to the rights and interests of the above named plaintiffs in this cause in this court, and orders, decrees and judgments which will prejudicially affect, impair and defeat the jurisdiction of this honorable court and the decree rendered by it in the premises." The prayer for restraint was from "directly or indirectly prosecuting further the said citation." The state, appearing specially, moved to dismiss this ancillary and supplemental bill on the principal ground that it was an action against the state, which had not consented to be sued, in violation of the Eleventh Amendment to the Federal Constitution. The trial court sustained the motion on this ground, entered an order of dismissal, and complainants appealed. In this appeal complainants, appellees herein, assigned as error, among other things, the action of the trial court in sustaining the motion to dismiss, and in dismissing the ancillary and supplemental bill for an injunction to prevent respondents from prosecuting further the citation to require the executor of the estate of Sophie Franz to inventory as part of said estate certain stock dividends of the Burroughs Adding Machine Company, "heretofore held by this court to belong to the estate of Ehrhardt D. Franz, deceased," and in finding, ordering, adjudicating, and decreeing that the state of Missouri was not subject to the injunctive powers of the District Court to preserve and protect its jurisdiction over this cause."

This court, holding that the previous decrees of the District Court and of this court had determined the rights and interests of appellees in this stock [Franz v. Franz, 15 F.(2d) 797, 800; Buder v. Franz, 27 F.(2d) 101, 108, 114; Franz v. Buder, 34 F.(2d) 353, 356], was of opinion that it was evident that the contemplated action of the state in the probate court must have the purpose to relitigate this very matter and

that "there could be no plainer case of interference with the jurisdiction of a court and defeat of its decrees entered within its jurisdiction." Accordingly the case was reversed and remanded and the orders of the District Court sustaining the motion to dismiss, and dismissing the ancillary and supplemental bill, were directed to be set aside. Fiske v. State of Missouri et al. (C.C.A.) 62 F.(2d) 150, 154. On appeal to the Supreme Court the decree of this court was reversed upon the following grounds, thus succinctly stated in the syllabi:

"Even for the protection of its own decree, and of property rights thereby determined quasi in rem, a federal court can not entertain a supplemental and ancillary bill against a State which has not appeared in the litigation and does not consent to be sued.

"The claim that a decree of a federal court adjudicating the ownership of private property estops the State, though not a party, from reopening the question in later inheritance tax proceedings in its own court, and that the decree should be given that effect as a matter of federal right, can be set up in the state courts, and if it be there finally denied, the decision may be reviewable by this Court."

State of Missouri et al. v. Fiske et al., 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145.

Upon the specific question involved the Supreme Court, speaking through Mr. Chief Justice Hughes, said: "We express no opinion upon the question whether the decree of the District Court, entered during the lifetime of Sophie Franz, the life tenant, in this suit to which she, her trustees, and the remaindermen were parties, can be regarded as binding upon the state of Missouri with respect to its subsequent claim for inheritance taxes against the shares in controversy as a part of the life tenant's estate. That question is not before us." 290 U.S. 18, loc. cit. 29, 54 S.Ct. 18, 21, 78 L.Ed. 145.

 In opposition to appellant's petition for an assessment of fees against the remainder interests of appellees, it is asserted that appellees themselves have not in fact opposed the recovery sought. This claim is definitely discredited by their affirmative acts in admitting, adopting, and re-alleging all of the matters, things, defenses, and allegations contained and set forth in the answer of trustee Buder. They offer the somewhat tenuous explanation that appellees merely looked upon appellant's suit as premature, and that any action of this nature to establish the legal status of the remainder interests could, and more properly should, have awaited the death of the life tenant. They assert that appellant conferred no benefit upon appellees, who were represented by their own attorneys throughout the litigation. These attorneys have been paid by allowances in the District Court.

We are convinced, upon a more searching examination of the record upon rehearing, that, in our original opinion, we dealt rather more indulgently with the nature of appellees' position in opposition to appellant's effort to establish his remainder rights than the facts warrant. Actually the services of counsel, by whom nominally they were represented, conferred no benefit whatsoever upon appellees. The defense made was against the existence of any remainder interest in appellant, and, by necessary implication, against the remainder interests of appellees. It is a fair inference that the objective of this defense was to concentrate this entire estate in the hands of the life tenant, in whose will trustee Buder was named as executor, with resulting greater fees, commissions, etc., ultimately to be enjoyed.

The original action contained no threat against the trusteeship as such, [Franz v. Buder (C.C.A.) 11 F.(2d) 854, 858]; later criticism developed because of the attitude of the trustees against the validity of the remainder interests involved [Franz v. Buder (C.C.A.) 34 F.(2d) 353, and Mississippi Valley Trust Co. v. Buder (C.C.A.) 47 F. (2d) 507]. This was in reality a defense for the benefit of the trustees, although undoubtedly appellees joined in it despite the obvious fact that it was directed against their own material interests, as they now perceive. This, however, is not to say that a defendant may not defend through his own counsel, from whatever motive, however mistaken, and may not, in a proper case, be free from liability for fees of opposing counsel. On the other hand, the mere fact that a large percentage of those interested may have employed counsel, and may have opposed the suit whose institution has benefited them, will not prevent their interests from being subjected to the payment of reasonable compensation to counsel who have succeeded in recovering or preserving a fund which is brought into the custody of the court; for, "if the class of persons among whom the fund will be

distributed has been benefited by the suit, it makes no difference that some of them may have contested it; for it is the benefit conferred, and not the fact that all the beneficiaries may have agreed as to what was beneficial, that entitles counsel to compensation." Buford v. Tobacco Growers' Co-op. Ass'n et al. (C.C.A.4) 42 F.(2d) 791, 792. Such reimbursement may be made "either out of the fund itself, *or by proportional contributions from those who accept the benefit of his efforts.* * * * Allowances of this kind, if made with moderation and jealous regard to the rights of those who are interested in the fund, are not only admissible, but agreeable to the principles of equity and justice." Tevander v. Ruysdael (C.C.A.7) 299 F. 746, 748, quoting from Trustees of Internal Improv. Fund v. Greenough, 105 U.S. 527, 26 L.Ed. 1157, and italicizing as above.

It is important in most cases that there should be acceptance either express or implied as distinct from a benefit that is purely incidental. Tull v. Nash et al. (C.C.A. 9) 141 F. 557; Davis v. Seneca Falls Mfg. Co. (C.C.A.2) 17 F.(2d) 546.

"There is usually an express promise by the parties plaintiff to pay their solicitor, and, if not, a promise to pay him is implied by the performance and the acceptance of the solicitor's services. It seems equally clear that the creditors or other beneficiaries of the trust who come into court and accept a part of the proceeds of the property recovered or preserved by the litigation are bound by an implied promise to pay out of the proceeds of the trust fund received by them their proportionate part of the reasonable compensation allowed the solicitor who successfully conducted the litigation." Lamar et al. v. Hall & Wimberly et al. (C.C.A.5) 129 F. 79, 83.

In Aronstam v. All-Russian Central Union of Consumers' Societies, Inc. (G.C.A. 2) 270 F. 460, 463, cited by counsel for appellees, the findings of fact were that the defendant in error did not on certain dates, "either expressly or impliedly, ratify, or confirm any acts of the plaintiff, * * * or at any time thereafter, accept any service of the plaintiff." The appellate court, in denying the application of the plaintiff-attorney for contribution, said: "With these findings of fact thus presented to us, the only questions open to us are whether the conclusions of law are supported by the findings of fact."

As stated in our former opinion, it is apparent that, if the conclusions of the federal courts, as evidenced by their decrees, shall ultimately prevail, the services of the appellant in this litigation will immediately and proximately result in saving each remainderman a large amount in Missouri inheritance and federal estate taxation, and, probably, in executor's commissions and other probate costs and expenses. The state and federal taxes mentioned did not exist at the time these estates in remainder vested. We feel that there can be little doubt that these federal decrees and the dispositions made by them will be sustained in the courts of the state, and ultimately, if need be, in the Supreme Court of the United States. The Supreme Court of Missouri, upon a crucial phase of the controversy, is now in agreement with the federal rule. Hayes v. St. Louis Union Trust Company, 317 Mo. 1028, 298 S.W. 91, 56 A.L.R. 1276.

That appellees have accepted the benefits of appellant's services in procuring decrees that have established, or will eventually establish, their title to remainder interests which became vested at the death of Ehrhardt D. Franz in 1898, admits of no dispute. They have sought distribution of their respective shares on this ground; they have challenged the refusal of the District Court to protect their rights under these decrees, by assignments of error in their appeal to this court [Fiske v. State of Missouri, 62 F.(2d) 150], and have consistently urged this scope of the federal decrees in the Supreme Court of the United States [State of Missouri v. Fiske, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145]. As stated in brief and argument, they are still defending their rights, thus acquired, in the courts of the state. Appellant and appellees are all members of the same class; and, although this action did not start as a class suit, it has become substantially such by the acts of appellees in accepting and claiming its benefits. It cannot avail appellees to claim that they would "have been at liberty to assert and recover such remainder interests without invoking the decree of the federal court obtained by appellant"; whether they might now have done so in the light of their pleadings and admissions in the district court need not be considered. It is sufficient to point out that they *have* invoked that decree—not once, but several times. It is the sole basis upon which they have relied in their efforts to escape the burden of taxation with which otherwise they are

threatened. And this potential benefit which has accrued to them is directly due to the services of appellant in the Ehrhardt W. Franz suit.

It is conceded that ordinarily each party to litigation should bear his own counsel fees. The distinction here applicable is well illustrated in this very case. Against those remainder interests which were represented by the Mississippi Valley Trust Company and its counsel, who made common cause with appellant and his client in this litigation, no contribution is, or could be, sought. Appellees, however, through their representatives opposed appellant throughout, thereby greatly increasing his labors, and now seek to avail themselves of the benefits of his services. Since it is established that reimbursement of this nature may be made by contributions from those who accept the benefit of an attorney's efforts, even though such services were not expressly authorized, and were in fact contested by some who are benefited thereby, we can conceive of no situation where that rule of equity could more justly be applied.

We come next to consideration of the second major point in issue, namely, whether appellant's claim for contribution is barred by acts of his client. Appellant had no contract with his client Ehrhardt W. Franz for a stated fee. Relations between attorney and client had become strained, with the result that on or about June 1, 1931, Wallace was compelled to file suit for his fee. The District Court awarded him $26,000 against his client Ehrhardt W. Franz. $4,500 had previously been paid, leaving a balance of $21,500. This award, upon appeal, was affirmed by this court June 20, 1933. Wallace v. Franz, 66 F.(2d) 457. Subsequently, because of the greatly enhanced value of the stock in the Burroughs Adding Machine Company, which formed the main asset in these remainder interests, appellant petitioned this court for leave to file in the district court a bill of review of this judgment fixing this fee against his client, but that application was denied December 21, 1933. Wallace v. Franz (C.C. A.) 68 F.(2d) 313. Meantime, May 31, 1930, Ehrhardt W. Franz, through other attorneys, filed a motion for "modification of distribution and allowance of attorneys' fees and expenses." In this motion he shows to the court the death of the life tenant, Sophie Franz, her conveyance to the trustees Gustavus A. Buder and Gustav A. Franz, of all her right, title, and interest as life tenant in and to the property and assets of the estate of Ehrhardt D. Franz, deceased; that, therefore, as shown above, said trustees, in open court by their answer, had asserted that the rights of the remaindermen in the estate of said Ehrhardt D. Franz had been extinguished, and had resorted to various expedients, in the way of litigation, delay, and opposition, to prevent the establishment of the rights of the remaindermen in said estate; "that in order to establish said rights it was necessary to have several hearings in the District Court of the United States and several appeals to the Circuit Court of Appeals; that in two instances the trustees applied to the United States Supreme Court for writs of certiorari, which were in both instances denied; that the proceedings to establish the rights of the remaindermen were protracted and arduous, and that a judgment was finally procured establishing the rights of the remaindermen and which was beneficial to the plaintiff herein and to all of those who receive as remaindermen under the last will and testament of Ehrhardt D. Franz, deceased;" that certain named remaindermen, appellees herein, had filed answers, disclaiming any remainder interest in said estate, and stating that the same had been disposed of to the life tenant, Sophie Franz, wherefore said property must be administered upon and distributed under the will of said Sophie Franz. The prayer of said motion primarily was that the court hold and find that the defendants there, appellees here, have no remainder interests in the estate of Sophie Franz, deceased, and direct the trustees to deliver to the executor of the estate of Sophie Franz (Gustavus A. Buder) all of the property in their possession, except the remainder interest of said Ehrhardt W. Franz and such other interests as were covered by the decree adjudicating his said remainder interests. In the alternative, however, if the court should find that said named defendants, appellees herein, are entitled to receive from the trustees the remainder interests left them under the last will and testament of Ehrhardt D. Franz, "then and in that event that this court allow and order paid the actual amount of necessary expenses incurred by plaintiff in the prosecution of this litigation, also ascertain the value of the legal services rendered, fix a reasonable attorneys' fee for the same, order the amount charged against the total corpus of the estate and paid to S. Mayner Wallace, Esq.

and Allen McReynolds, Esq., plaintiff's attorneys, and take account of the same in connection with the final accounting and distribution to be made by the trustees herein."

The District Court, April 4, 1932, granted the motion to pay over to the executor of the estate of Sophie Franz, with some reservations hereinafter considered, all of "such money and property as represents six and two-thirds interests in the remainder trust estate." It, therefore, overruled the alternative prayer for contribution, holding, in an oral opinion, substantially that, as it then appeared, there were no concrete benefits to the six and two-thirds remainder interests; that for reasons best known to them, these interests had not seen fit to ask for a formal decree in their favor, although such relief was open to them, and was proffered by the proposed final decree submitted by plaintiff's (Ehrhardt W. Franz') solicitor. It is this proceeding that is mainly relied upon to defeat appellant's claim in this action.

It is to be noted that appellant was not a 'party to the motion, which, he asserts, was filed without his knowledge and without his approval at that juncture. The relations between him and his client were strained. At that time, appellees had not taken the pronounced affirmative action disclosed in Fiske v. Missouri (C.C.A.) 62 F. (2d) 150; nor had this court so specifically construed the prior decrees of the District Court, and of this court, as including within their scope the remainder interests of appellees as well as that of Ehrhardt W. Franz. These facts may well explain the attitude of the District Court in denying the motion for contribution. The concrete benefits to appellees were not then so apparent. The trial court, from his language, was evidently impressed by the refusal of appellees to avail themselves of the proffered decree in their favor. As stated by the district judge at the outset of his oral opinion, delivered April 1, 1932, "the matters before the court have to do with many motions and exceptions filed by divers parties to the cause." It is not surprising that some of the necessary results of this complex litigation may not then have been clearly apparent.

Appellant's petition, now under review, alleges that Ehrhardt W. Franz and his present solicitors have announced that they will not now move in court for any contribution from these appellees, who are close family relatives, and that said Franz, without cause, continues to avoid any communication whatsoever with appellant. The petition prays that appellant be awarded proper counsel fees against said six and two-thirds remainder interests commensurate with the benefits conferred by his services, when the same are finally adjudicated and ascertained, and the accompanying motion asks that the District Court order of April 1, 1932, be modified to require the trustees, pending the disposition of the petition, to deliver into the registry of the court an adequate sum, either in cash or stocks, to satisfy such counsel fees as may later be allowed.

It should be observed that while appellant Wallace represented his client Franz in this litigation, and that while his right to remuneration for services had its origin in that relationship, nevertheless the claimed obligations to appellant of the six and two-thirds remainder interests are separate and distinct from the contractual obligation of his client to him. Appellant makes no claim against his client for additional fees. That matter has been settled between them by decree. His claim against appellees involves no outlay of his client either in fees or expenses. The latter is entitled to no recovery of that nature. Appellant's claim here is confined to the reasonable value of his services to the remainder interests of appellees arising from their acceptance and enjoyment of the benefits conferred by the decrees procured by appellant's efforts. This claim is entirely distinct from any Ehrhardt W. Franz may have had. An allowance of this particular nature, under the situation here presented, belongs to the attorney and to him alone. It is one which he may enforce directly and independently of his client. This right has been recognized in many authoritative decisions.

In Colley v. Wolcott, 187 F. 595, 596, this court said: "While allowances for solicitor's fees have sometimes been made in favor of the complainants in the suit, no reason is apparent why they should not be made directly to those who are entitled to it. They are officers of the court, and should properly be protected, when a trust fund created by them is in the custody of the court and subject to final disposition by it." Citing Central Railroad & Banking Co. v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915. Compare Hutchinson Box Board & Paper Co. v. Van Horn (C.C.A.8) 299 F. 424, 430; Jefferson Hotel Company v.

Brumbaugh (C.C.A.4) 168 F. 867, 879; Nolte v. Hudson Nav. Company (C.C.A.2) 47 F.(2d) 166.

It is true that this application ordinarily may be made by the client for the benefit of the attorney, and it is urged that the client in this case has made such application, and that the right may not be exercised twice. We do not think appellant herein is bound by the action of Ehrhardt W. Franz in his alternative motion for "modification of distribution and allowance of attorneys' fees and expenses." Appellant protested against the filing of this motion at that time and refused to be a party to it. It would seem that an application for fees accruing only to the attorney, in order to bind such attorney, should at least be made with his approval and consent. The primary object sought by Franz was the denial of the remainder interests of appellees and the delivery to the executor of Sophie Franz, deceased, the property which represented said remainder interests. The court sustained this primary request, and the denial of the alternative prayer followed as of course. In its oral opinion, delivered April 1, 1932, the court found against the application for contribution on two grounds: (1) That there were no concrete benefits to the six and two-thirds remainder interests; and (2) that appellees, represented by their own counsel, had failed to secure the benefit of the decree in favor of Ehrhardt W. Franz.

The opinion of this court construing the effect of the decree of May 5, 1927, was not rendered until November, 1932. Fiske v. State of Missouri, 62 F.(2d) 150. By that decision the rights of the appellees as vested remaindermen were declared, and their potential concrete benefits made apparent. In this view we do not think appellant is foreclosed by this rather casual and alternative application of his client.

Appellant further contends that if, under these circumstances, he could be regarded as bound by the denial of the alternative prayer in the Franz motion, his undenied petition and motion should operate and be treated as in the nature of a bill of review of the subject matter of contribution; the law subsequently declared by this court [Fiske v. State of Missouri, 62 F.(2d) 150] being contrary to that which had been announced by the District Court in passing upon the alternative prayer for contribution in the Franz motion. The decisions of this court in Trapp v. Metropolitan

Life Ins. Co., 70 F.(2d) 976, and Id., 72 F.(2d) 374, are cited as in principle sustaining this contention. Whether the functions of bills of review can be so far extended we leave undecided, because, for reasons heretofore stated, we do not think appellant has been foreclosed by the rulings on the Franz alternative motion. However, we take this opportunity to correct a misleading statement in our former opinion that "this court has passed adversely upon a situation closely analogous to that before us, and arising in this same litigation." The case referred to is Wallace v. Franz (C.C.A.) 68 F.(2d) 313.

The relations of the parties and the nature of the "new matter" in the two cases are so different as to present no controlling analogy. The ruling upon the Franz motion was not appealed, and it was, therefore, unnecessary to ask from this court permission to file a bill of review.

Counsel for appellees next urge that the District Court has no jurisdiction over the subject-matter; that, by its order of April 1, 1932, directing delivery of the six and two-thirds interests to the executor of the estate of Sophie Franz, it has divested itself of all jurisdiction over any fund from which contribution could be decreed. The record leaves the present status of the funds representing the various remainder interests somewhat in nubibus; but in this same order we find that the trustees were directed to deliver into the registry of the court in cash or property of equivalent value in the amount of $250,000, pending final adjudication and determination of an asserted liability for additional income taxes by the United States, and $40,000 for the satisfaction of a solicitor's lien of appellant herein. It is not suggested that any further or final disposition of these funds has been made. So long as they remain undisposed of, wholly or in part, they are subject to any orders or decrees that the court may find proper to make in the premises, not inconsistent with the purposes for which they found their way into the registry of the court, or the conditions under which, otherwise, jurisdiction has attached. In its order of April 1, 1932, the District Court expressly reserved jurisdiction for the purpose of making appropriate orders touching the distribution of the cash or assets delivered into its registry "for the purpose of protecting a contingent liability for taxes" and "for the protection of the alleged solicitor's lien of S. Mayner Wallace."

Finally it is urged that appellant's claim, if any, accrued in 1927, and that appellant's failure to institute proceedings on such claim until 1934 renders him guilty of laches. It is deemed unnecessary to review further in detail the progress of this litigation through the years of its pendency. It will be sufficient to recall that the decision of this court, which specifically held that the decree of May 5, 1927, necessarily included within its scope the remainder interests of appellees, was not rendered until November 26, 1932. Rehearing was denied January 17, 1933. Fiske v. State of Missouri (C.C.A.) 62 F.(2d) 150. The appeal to the Supreme Court was decided November 6, 1933: 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145. Under that decision appellees must await complete distribution until their liability for taxes has been finally adjudicated, as they say, "in a series of legal actions" in which they are "still engaged."

Appellant filed this ancillary petition for assessment of counsel fees May 4, 1934, within six months after the Supreme Court decision was announced. We think it was filed seasonably after the basis of its claim, potentially at least, had been established. We do not perceive that injury to appellees has resulted from any act of appellant, but rather that the delay charged has been due to proceedings which appellees themselves have instituted and are still prosecuting. There has been no resulting change in the relations of the parties to the property.

"Laches does not, like limitation, grow out of the mere passage of time. But it is founded upon the inequity of permitting the claim to be enforced—an inequity founded upon some change in the condition or relations of the property or the parties." Galliher v. Cadwell, 145 U.S. 368, 12 S.Ct. 873, 36 L.Ed. 738. "The length of time during which the party neglects the assertion of his rights, which must pass in order to show laches, varies with the peculiar circumstances of each case, and is not, like the matter of limitations, subject to an arbitrary rule. It is an equitable defense, controlled by equitable considerations, and the lapse of time must be so great, and the relations of the defendant to the rights such, that it would be inequitable to permit the plaintiff to now assert them." Alsop v. Riker, 155 U.S. 448, 461, 15 S.Ct. 162, 167, 39 L.Ed. 218.

The chancellor will determine the extraordinary case in accordance with the equities which condition it. Kelley v. Boettcher (C.C.A.8) 85 F. 55.

"Laches which will bar a suit in equity depends on the peculiar circumstances of each case, and where the complainant's inaction does not appear to have worked injury to any one, and it is not shown that there was any occasion for more promptly asserting his rights, the defense will not prevail." Hanchett v. Blair (C.C.A.9) 100 F. 817.

Our conclusion is that our decision on the former hearing of this appeal was wrong and ought not to stand; that the decree entered thereon should be set aside and a hearing granted upon the merits. Of course, final proceedings in the District Court must await the outcome of the cause now pending in the probate court of the state as directed by the Supreme Court of the United States. Accordingly, the order appealed from is reversed and remanded to the District Court, with directions to determine at the proper time what fair allowance is due to appellant in the premises, and to retain in its possession sufficient funds, either in cash or in property of equivalent value, belonging to said six and two-thirds interests, now in its hands, under its control, or otherwise subject to its jurisdiction, until such time as appellant's claim against those interests has been determined and satisfied. It is so ordered.