**THOMPSON et al. v. SMITH.**

Court of Appeals of Kentucky.

May 14, 1954.

Rehearing Denied June 25, 1954.

Beverly M. Clark, Glasgow, for appellants.

Carroll M. Redford, Glasgow, for appellee.

MILLIKEN, Justice.

The appellants filed an action against the appellee, Ada Smith, to recover for legal services rendered her without an express contract, and, on their petition and amended petition being adjudged demurrable, they refused to plead further and appealed the ruling.

Ada Smith was left $200 by the will of V. D. McMillin who left the bulk of her estate to A. C. McMillin, Jr. The appellants were employed as attorneys by Magdalene Isenberg and others to contest the will of V. D. McMillin, and filed such an action in the Barren Circuit Court. Ada Smith did not join in the contest so was made a defendant in that action, and she was not represented by counsel therein. The appellants alleged that through their efforts a compromise settlement was reached in the will contest in which the contestees agreed to pay the contestants $10,000 if they would withdraw their contest and allow the entry of a judgment sustaining the will. The contestants were willing to accept the offer, but Ada Smith, as a nominal contestee supporting the will, refused to consent to it unless she were paid $2,500. Since no agreed judgment could be entered without her consent, she got the $2,500 demanded, and an agreed judgment was entered sustaining the will.

It is apparent that the appellee seized the opportunity to benefit from the work done by the appellants in obtaining a compromise offer to settle the will contest. Theretofore, she had been content to be a nominal contestee in that action and to accept the $200 bequest made to her in the will. When she demanded and obtained a generous slice

of the compromise cake, she impliedly promised to pay the bakers. By accepting the $2,500 she, in all practical effect, became a contestant, a member of a class represented by the appellants and, as such, is liable to them for the reasonable worth of their services. Wallace v. Fiske, 8 Cir., 80 F.2d 897, 107 A.L.R. 726, and annotation.

Because it is not apparent from the record that the appellee had notice of the express fee-contract between the appellants and the nominal contestants of the will, we cannot say, on the basis of this record, that she is impliedly bound by it. However, the petition reveals that the appellants are entitled to a reasonable fee for their services, and the amount stated in the express contract is not unreasonable.

The judgment dismissing the petition is set aside and the case remanded for proceedings consistent herewith.